## BENJAMIN F. RICE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. On the trial of the defendant for rape the prosecutrix was asked the question: "Did you ever have intercourse with the defendant or any other man previous to last Monday morning?" (the time of the alleged offense). The avowed object of the question was to impeach the reputation of the prosecutrix for chastity, and to show a probability of consent to the act: *Held* inadmisible for the purposes stated. The question should have been limited to such acts of intercourse with the defendant.

2. Upon a trial for rape the character of the prosecutrix for chastity, or the want of it, is competent evidence as bearing upon the probability of her consent to the defendant's act, but the impeachment of her character in this respect must be confined to evidence of her general reputation, except that she may be interrogated as to her previous intercourse with the defendant, or as to promiscuous intercourse with men, or common prostitution.

3. If at the time a man has carnal knowledge of a female, her mind is overpowered by fear induced by the man, wherefore she makes no resistance, it is rape. Though a man lays no hands

on a woman, yet if by an array of physical force he so over-
powers her that she dare not resist, his carnal intercourse with
her is rape.

4. The facts and circumstances of this case being insufficient to show
the guilt of the defendant beyond a reasonable doubt, the judg-
ment should be reversed and a new trial awarded.

Writ of Error to the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the
court.

*Frank Clark* and *Samuel T. Fletcher*, for Plaintiff
in Error.

*The Attorney-General*, for Defendant in Error.

LIDDON, J. :

The plaintiff in error was convicted of the crime of
rape upon one Helen Smith, his step-daughter. At
the trial the defendant's counsel propounded the fol-
lowing question in cross-examination of the prosecu-
trix, to-wit: "Did you ever have intercourse with this
defendant or any other man previous to last Monday
morning?" The time inquired about was that at which
the offense was committed, as shown by her examina-
tion in chief. The ruling of the court sustaining an
objection to this question is assigned as error. The as-
signment is not well taken. The avowed object of the
question was to impeach the chastity of the prosecu-
trix, and to show a probability of her consent to carnal
intercourse with the defendant. If the question had been
confined to the matter of acts of intercourse between
the prosecutrix and the defendant, it would have been
admissible, but she could not be interrogated as to such
acts with other persons than the defendant. On a trial
for rape the character of the prosecutrix for chastity,

or the want of it, is competent evidence as bearing upon the probability of her consent to defendant's act, but the impeachment of her character in this respect must be confined to evidence of her general reputation, except that she may be interrogated as to her previous intercourse with the defendant or as to promiscuous intercourse with men or common prostitution. State vs. Forshner, 43 N. H. 89, S. C. 80 Am. Dec. 132, and authorities cited; McQuirk vs. State, 84 Ala. 435, 4 South. Rep. 775, 5 Am. St. Rep. 381; 3 Greenleaf on Evidence (15th ed.), § 214; State vs. Knapp, 45 N. H. 148; McDermott vs. State, 13 Ohio St. 332, S. C. 82 Am. Dec. 444; McCombs vs. State, 8 Ohio St. 643, and numerous authorities cited in text. The rule we here adopt is one sanctioned by the preponderance of authority. It has, however, in some States been held otherwise. See note C to § 214, 3 Greenleaf on Evidence (15th ed.), and State vs. Reed, 39 Vt. 417, S. C. 94 Am. Dec. 337; People vs. Benson, 6 Cal. 221, S. C. 65 Am. Dec. 506. The Vermont case cited states the proposition in a very doubting, hesitating way. It cites no authorities, and the principal reason assigned for so holding is, that the question had already been so decided in that State, though the decision was by a divided court. Not only is the rule which we adhere to better founded in authority, but we think more in accordance with reason and justice. The fact that a woman may have been guilty of illicit intercourse with one man is too slight and uncertain an indication to warrant the conclusion that she would probably be guilty with any other man who sought such favors of her. If she was a woman of general bad reputation for chastity, or had been guilty of acts of lewdness with the defendant the case would be different. In the first instance the evidence would bear directly upon the

question as to whether such a woman would be likely to resist the advances of any man; and, in the second, as to whether, having yielded once to the sexual embraces of the defendant, she would not be likely to yield again to the same person. The greatest objection to such testimony is that it introduces collateral issues which have no bearing upon the defendant's guilt. Although the prosecuting witness may have been guilty of specific acts of unchastity, such acts afford no justification to the defendant for having ravished her; she is still under the protection of the law, and not subject to a forced violation of her person by every man who has the strength to overpower her. If she denied having acts of carnal intercourse with other men, of course the defendant would attempt to prove specific acts in contradiction of her denial, and there would be presented to the jury other collateral issues calculated to embarrass and mislead them, and in no way decisive of the guilt or innocence of the accused. McDermott vs. State, 13 Ohio Stat. 332, S. C. 82 Am. Dec. 444; Boddie vs. State, 52 Ala. 395.

In the further progress of the case, the specific question was asked the prosecutrix as to whether she had ever before the time inquired about had sexual connection with the defendant, and she emphatically denied such connection. She was also asked, without objection (and, we might add, properly asked), whether she had not had sexual intercourse with some other man on the Saturday afternoon preceding the said Monday morning, and denied that she had any such connection. The apparent object of this question was to show that the bloody stains upon the clothing of the prosecutrix were caused by some other person than the defendant, and was relative and an important matter of evidence. Considering the line of defense adopted by the defend-

ant, no injury could have been done him by ruling out this testimony. The only purpose for which such testimony was offered was to show a probability of consent on the part of the prosecutrix to the act of the defendant. The defense was not based upon any theory of consent to the act, but upon a denial by the defendant that he had ever had any carnal intercourse whatever with the girl. Therefore the testimony was wholly immaterial, and could not have any reference to the defense made by the defendant. McDermott vs. State, *supra*; Strang vs. People, 24 Mich. 1, text 7; People vs. McLean, 71 Mich. 309, 38 N. W. Rep. 917, and English cases cited therein. See also 19 Am. and Eng. Ency. of Law, pp. 961, 962; 3 Ibid, p. 158, note, and American and English authorities collated. Wilson vs. State, 17 Texas Ct. App. 525, and Texas and other cases collated therein; Shirwin vs. People, 69 Ill. 55; State vs. Jefferson, 6 Ired. 305; State vs. Fitzsimon (R. I.), 27 Atl. Rep. 446.

The next assignment of error argued is based upon the following instruction given by the court to the jury: "If, at the time the man had carnal knowledge of the female, her mind was overpowered by fear induced by the man, and therefore she made no resistance, it is rape." We do not think this instruction was erroneous. In 2 Bishop's Criminal Law (8th ed.), § 1125, it is said: "Though a man lays no hands on a woman, yet if by an array of physical force he so overpowers her that she dares not resist, his carnal intercourse with her is rape." A note to the text cites numerous authorities sustaining the proposition. The same doctrine has been indirectly approved in this State in the case of Hollis vs. State, 27 Fla. 387, 9 South. Rep. 67. The gist of the offense is forcible carnal knowledge against the will of the woman.

Surely there could not be such an absurdity as claiming that the act was not against the will of the woman when her will was paralyzed with fear through the wrongful act of the defendant, and she was incapable of voluntarily consenting.

The last assignment of error that is argued is the refusal of the court below to grant a new trial. Upon this assignment it is contended that the verdict of the jury is not supported by the evidence. Upon this point the court is divided. One member thinks that while the evidence was highly improbable, yet it having been submitted to the jury, and approved by the judge who presided at the trial, who had better opportunities to judge of the truthfulness of the statements than we have, that the verdict ought not to be disturbed. The majority of the court are of the opinion that the improbable nature of the evidence, taken with the fact of the contradiction of the prosecutrix, the inconistency of her statements to other witnesses, make the truth of the matter so doubtful that the verdict ought to be set aside, and there should be at least another trial of the case. This view is also influenced to a considerable extent by the fact that the trial was had within four days of the alleged perpetration of the offense charged, which is so likely to arouse excitement, indignation and prejudice against the accused. As the case is remanded, it is not proper to further comment upon the evidence.

The judgment of the Circuit Court is reversed and a new trial awarded.