CHARLES PETERSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed October 20, 1925.

1. On a trial for assault with intent to rape, where a witness for defendant who had testified as to the general reputation of the prosecutrix for chastity, that it was bad, discloses on cross-examination that he never heard her reputation discussed by anyone, and that his testimony as to the general reputation of prosecutrix was based solely on having seen her in bad places and around on the streets at night on several occasions, and had arrested her once on a charge of loitering, for which she was never tried that he knew of, the court will not be held in error for sustaining an objection to a question by defendant's counsel to such witness on re-direct examination as to how he had acquired his idea as to her general reputation.

2. Where it appears from cross-examination of a witness who had testified as to the general reputation of the prosecutrix as to chastity, that such witness had no knowledge of such

general reputation, and bases his testimony thereto solely upon specific conduct, such as having seen the witness in questionable places on several occasions, and having arrested her once for "loitering," his testimony as to general reputation is shown to have been not legally predicated, and the granting by the court of a motion to strike all of the testimony of such witness is not erroneous.

3. Where the court, in its general charge, summarizes the contentions of the State and the defendant, and in so doing makes an error in one respect, as in this case by stating, *inter alia*, that the defendant contended that he met the prosecutrix pursuant to a previous engagement, but no correction of the statement is requested and the court's charge in other respects is free from error and clearly states the issues and the law applicable thereto, and instructs the jury that they are the sole judges of the facts and of the credibility of the witnesses, and it further appears that the testimony in the case amply sustains the verdict, no injurious error is shown to have been committed which would warrant the appellate court in reversing the judgment of conviction.

4. On a trial for assault with intent to rape, the statement of the court in its general charge to the effect that "rape may be accomplished without physical force if the woman assaulted be so overpowered by appearance of force that she does not resist," does not constitute prejudicial error, if error at all, where, as in the instant case, the jury manifestly did not believe the unsupported testimony of the defendant as to nonresistance, and, in so doing, were well supported by all the other evidence as to the facts.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Judgment affirmed.

*John M. Coe* and *J. Leo Anderson,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

BROWN, J.—The plaintiff in error was convicted of assault with intent to rape. On the trial, witness O'Connell for the defendant, testified on his direct examination that he was a Captain of Police; that he had known the prosecutrix for about a year; that he was familiar with her general reputation for chastity, and that such reputation was bad. On cross examination by the State he testified that he had not heard her reputation discussed by anybody, but had seen her in bad places and around on the streets at night, and had arrested her once at a house down on Baylen Street on a charge of loitering, but the case was never tried that he remembered; that this was all he knew about her general reputation. The State then moved to strike the witness' testimony. The defendant's counsel then asked the witness, "how did you acquire your idea as to her general reputation?" The State objected to this question on the ground that the witness had said he had never heard anybody discuss it, and that negatived the fact that he knew it. Thereupon, the court sustained the objection, and granted the motion to strike the testimony of the witness. Error is assigned to both of these rulings.

On a trial for rape, the character of the prosecutrix for chastity, or the want of it, is competent evidence as bearing upon the probability of her consent to the defendant's act, but the impeachment of her character in this respect must be confined to evidence of her general reputation, except that the prosecutrix may herself be interrogated as to her previous intercourse with the defendant, or as to promiscuous intercourse with men, or common prostitution. Rice v. State, 35 Fla. 236, 17 South. Rep. 268; Tully v. State, 69 Fla. 662, 68 South. Rep. 934. See also Note in 14 L. R. A. (N. S.) at page 714.

This rule is closely related to the general rule in other cases, where the general reputation of a witness is admissible in evidence, to the effect that particular acts of mis-

conduct cannot be introduced to impeach the credibility of a witness. Where, for instance, a witness has testified to the good reputation of a party, he may be asked on cross examination, for the purpose of testing his credibility, if he had heard that the party had been guilty of specific acts of bad conduct pertinent to such general reputation, but he cannot be interrogated as to his own knowledge of such specific acts, nor can his testimony as to what he may have heard respecting specific acts be considered for any other purpose than as affecting his credibility. Cook v. State, 46 Fla. 20, 35 South. Rep. 665; Nelson v. State, 32 Fla. 244, 13 South. Rep. 361; Gafford v. State, 79 Fla. 581, 84 South. Rep. 602.

Where, as in this case, the cross-examination shows that a witness has based his testimony as to the general reputation of prosecutrix solely on his personal knowledge of having seen her at certain bad or questinoable places, or loitering on the streets, on several different occasions, but states positively that he had never heard her reputation discussed by anyone, the court could not be held in error in not prolonging the examination further to allow counsel who placed the witness on the stand to ask witness the further question as to how he acquired his idea as to her general reputation; nor was there any error on the part of the court in striking all the testimony of such witness in response to the State's motion; it having already been shown from the cross-examination that his testimony as to general reputation was not legally predicated. If the courts permit evidence of general character or reputation to be proven by testimony as to specific acts of misconduct, the party introducing the witness thus attacked would have to be afforded an opportunity to introduce evidence in explanation or denial thereof, and hence the trial of collateral issues would be introduced into the cause at bar, greatly

prolonging trials and tending to obscure or prejudice the real issue or issues involved.

Assignments five and six, attacking certain portions of the court's charge, are grouped together in plaintiff in error's brief, and as it is conceded that there was no injurious error as to that part of the charge mentioned in assignment five, this court might dispose of the matter by calling attention to the doctrine that where assignments are so grouped, if one fails, all must fail. However, as the argument is practically confined to assignment six, we will consider the same briefly, in order not to foreclose consideration of an important question by a too narrowly technical application of the rule. The court, in the early part of his general charge, briefly stated the claims or contention of both prosecutor and defense. As to the contentions of the State, it is admitted, that they were correctly stated by the court. But in stating the contentions of the defense, there was one misstatement. This portion of the court's charge was as follows: "It is claimed on the other hand by the defendant that this was not true, and *that by a previous arrangement he met Ada Mae Richards in Seville Square and in pursuance to that engagement or prior arrangement* that he prepared and was in the act of preparing to have sexual intercourse with her, when the officers came up and that he desisted, and that what was done by him, if anything, was done with the consent of the said Ada Mae Richards and not forcibly or against her will." (Italics ours.) The statement italicized was erroneous. There was no testimony or claim on the part of the defendant that they met by previous arrangement. Furthermore, this portion of the court's charge verged rather closely upon charging on the facts of the case, which is not permissible under the practice in this State nor under Section 2696 of the the Revised General Statutes of 1920. We are not, however, of the opinion that this statement in the court's

charge was prejudicial to the defendant. What the court had in mind no doubt was that the defendant claimed that what was done, as stated by the defendant in his testimony, was done in pursuance of a previous course of conduct between the parties the defendant having testified that he had had intercourse with the prosecutrix on numerous previous occasions (which, however, was emphatically denied by prosecutrix). The court in his general charge clearly and correctly stated the charge against the defendant, and the law applicable thereto, and that the burden of proving the charge as made beyond a reasonable doubt, was upon the State. The jury was also clearly instructed that they were the sole judges of the evidence and the credibility of the witnesses. The testimony of the prosecutrix was corroborated by other witnesses in several important particulars, and there was amply sufficient evidence to sustain the verdict. On stating the contentions of both sides, the court did not state the matters mentioned as facts proven, but merely as a summary of the claims made by prosecution and defense. Counsel for defendant evidently did not at the time regard this inadvertent observation on the part of the court as prejudicial, as no request was made of the court to correct it, which the court would most probably have done if such request had been made, or if his attention had been called to it in any way. A careful reading of the entire record and the charge of the court as a whole, including the special charges given at the defendant's request, convinces us that no material or prejudicial error was committed by the court below in this regard. Ga. So. & Fla. Ry. Co. v. Hamilton Lumber Co., 63 Fla. 150, — South. Rep. —; Section 2812, Revised General Statutes of 1920; Hocker v. Johnson, 10 Fla. 198; Louisville & N. R. Co. v. Willis, 58 Fla. 307, 51 South. Rep. 134.

The seventh assignment of error is based upon the follow-

ing portion of the court's general charges: ''I further charge you that an assault with intent to rape may be accomplished without physical force, if the woman assaulted be so overpowered by appearance of force that she does not resist.'' This charge is in substantially the same language as that approved in Rice v. State, 35 Fla. 236, text 240, 17 South. Rep. 286, and conveys substantially the same idea. See also Doyle v. State, 39 Fla. 155, 22 South. Rep. 272. We do not think there was any error in the giving of this portion of the charge. And if there were, it would be error without injury, as the jury manifestly did not believe the unsupported testimony of the defendant as to non-resistance and consent on the part of the prosecutrix, and in this finding they were well supported by all the other evidence in the case, as to the facts pertaining to the offense charged.

The remaining assignments are either abandoned or not in our opinion, well founded, and their discussion would serve no useful purpose.

The judgment is therefore affirmed.

WEST, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., concur.

STRUM, J., dissents.

STRUM, J., dissenting.

While agreeing, in the abstract, with the principles stated in the third and fourth head notes, I do not agree to their application to the facts in this case. I therefore dissent from those propositions as applied to this case.