287 So.2d 721 (1974)
Richard B. TROUSDALE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-669 to 73-671.
District Court of Appeal of Florida, Second District.
January 9, 1974.
James A. Gardner, Public Defender, and E. Earl Taylor, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant has failed to demonstrate any error with respect to his convictions for rape, robbery and breaking and entering a dwelling house with intent to commit a felony, to-wit: rape, and committing an assault upon a person lawfully therein.
The appellant received three consecutive life sentences. The assault was an essential element of the charge of breaking and entering and was committed in connection with the rape. Thus, those two offenses were facets of the same criminal act.[1] The sentence for breaking and entering a dwelling house with intent to commit a felony, to-wit: rape, and committing an assault upon a person lawfully therein, is hereby set aside. See Edmond v. State, Fla. App.2nd, 1973, 280 So.2d 449; Cone and Sanders v. State, 285 So.2d 12 (Fla. 1973); Yost v. State, Fla.App. 1971, 243 So.2d 469. The other two sentences were proper.
The judgments are affirmed.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] The robbery was perpetrated against another person.