301 So.2d 815 (1974)
David S. HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-917.
District Court of Appeal of Florida, Second District.
October 23, 1974.
James A. Gardner, Public Defender, Sarasota, and Robert B. Persons, Jr., Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was charged with rape and with breaking and entering with intent to commit a felony, to wit: grand larceny, and, once inside, committing an assault upon a person lawfully therein. He pled not guilty to both charges. After trial by jury, he was found guilty as charged and sentenced to concurrent life terms.
There is no dispute that the appellant broke into the residence of the prosecutrix in the middle of the night and had sexual relations with her. The appellant testified in his own behalf and candidly admitted these acts. What was disputed at trial and at issue by reason of appellant's plea of not guilty to the charge under § 794.01(2), Florida Statutes, was the presence or absence of consent on the part of the prosecutrix. During cross-examination *816 of the prosecutrix, the following question was asked:
"Prior to this incident, ma'am  believe me, I'm not trying to probe. But under the circumstances I have to ask this. Had you had intercourse with any other individual?"
Appellant contends that the court erred in sustaining the state's objection to this question. We disagree.
The leading Florida case concerning evidence of the unchastity of the prosecutrix in a rape case is Rice v. State, 1895, 35 Fla. 236, 17 So. 286, in which the court said:
"... At the trial the defendant's counsel propounded the following question in cross-examination of the prosecutrix, to wit: `Did you ever have intercourse with this defendant, or any other man, previous to last Monday morning?' The time inquired about was that at which the offense was committed, as shown by her examination in chief. The ruling of the court sustaining an objection to this question is assigned as error. The assignment is not well taken. The avowed object of the question was to impeach the chastity of the prosecutrix, and to show a probability of her consent to carnal intercourse with the defendant. If the question had been confined to the matter of acts of intercourse between the prosecutrix and the defendant, it would have been admissible, but she could not be interrogated as to such acts with other persons than the defendant. On a trial for rape, the character of the prosecutrix for chastity, or the want of it, is competent evidence as bearing upon the probability of her consent to defendant's act; but the impeachment of her character in this respect must be confined to evidence of her general reputation, except that she may be interrogated as to her previous intercourse with the defendant, or as to promiscuous intercourse with men, or common prostitution. ..." (emphasis added)
This case is not squarely in point because it was later pointed out that Rice's defense was not predicated upon consent. However, the substance of the italicized portion of that opinion has been reaffirmed on several occasions. Nickels v. State, 1925, 90 Fla. 659, 106 So. 479; Peterson v. State, 1925, 90 Fla. 361, 106 So. 75; Tully v. State, 1915, 69 Fla. 662, 68 So. 934.[1]
In discussing the reasoning behind the rule, the Supreme Court in Rice went on to say:
"... The fact that a woman may have been guilty of illicit intercourse with one man is too slight and uncertain an indication to warrant the conclusion that she would probably be guilty with any other man who sought such favors of her. If she was a woman of general bad reputation for chastity, or had been guilty of acts of lewdness with the defendant, the case would be different. In the first instance, the evidence would bear directly upon the question as to whether such a woman would be likely to resist the advances of any man; and, in the second, as to whether, having yielded once to the sexual embraces of the defendant, she would not be likely to yield again to the same person. The greatest objection to such testimony is that it introduces collateral issues, which have no direct bearing upon the defendant's guilt. Although the prosecuting witness may have been guilty of specific acts of unchastity, such acts afford no justification to the defendant for having ravished her. She is still under the protection of the law, and not subject to a forced violation of her person by every man who has the strength to overpower her. If she denied having acts of carnal intercourse *817 with other men, of course the defendant would attempt to prove specific acts in contradiction of her denial, and there would be presented to the jury other collateral issues calculated to embarrass and mislead them, and in no way decisive of the guilt or innocence of the accused... ."
The only language from the Rice opinion which could possibly be said to support the appellant's position is that which says "except that she may be interrogated ... as to promiscuous intercourse with [other] men, ..." When considered in the context of the entire quotation, the most we read this language to permit would be evidence of illicit relationships on the part of the prosecutrix sufficiently widespread to show a pattern of conduct which would bear on the issue of consent.[2] The form of the question in this case was hardly directed to "promiscuous intercourse with other men," and it was obvious from the colloquy which followed the state's objection that appellant's counsel had no evidence of this nature to introduce.
The closest Florida case in point with the instant case is Thomas v. State, Fla. App.3rd, 1971, 249 So.2d 510, in which the court said:
"Defendants claim the trial judge committed reversible error in not permitting the introduction into evidence of specific, or individual, acts of prior intercourse between the victim and a particular witness [not a defendant]. It did permit evidence of her general reputation for chastity in the community. We find no reversible error in this ruling... ."
We must now assess the impact of the single transaction rule on the judgments and sentences in this case. This case differs from Edmond v. State, Fla.App. 2d, 1973, 280 So.2d 449, cert. denied 287 So.2d 690, in one significant respect. There, breaking and entering with intent to commit grand larceny, grand larceny and possession of burglarious tools were involved in what was essentially a single punishable criminal transaction. This case differs. There is here a separately punishable breaking and entering with intent to commit grand larceny. Once inside the premises, the intention to assault a person therein was formed and pursued. This renders separate punishment permissible just as surely as if the transactions were separated in time and not part of a single escapade. The assault was not the object of the breaking and entering. We hold, therefore, that these crimes are separately punishable but not to the extent that the law provides with respect to enhancement of the burglary where an assault occurs thereafter. To impose double punishment in that instance would be to use the same criminal act as the essence of two separate crimes. Cf. Trousdale v. State, Fla.App. 2d, 1974, 287 So.2d 721, in which the intent was to commit rape. We consider that that portion of the charge relating to the commission of assault in connection with a breaking and entering is an additional and superfluous element which goes solely to enhancement of punishment. The charge of breaking and entering with intent to commit grand larceny is complete, proved and punishable apart from the assault. Therefore, we reduce appellant's sentence for breaking and entering with intent to commit grand larceny to fifteen years, which is the maximum he could have received for that offense absent the assault. In all other respects the judgments and sentences are
Affirmed.
MANN (Ret.), J., concurs.
BOARDMAN, Acting C.J., dissents in part.
BOARDMAN, Acting Chief Judge (dissenting in part).
I dissent from that portion of the majority opinion which deals with the impact of *818 the single transaction rule on the judgments and sentences in this case. I don't believe the element of assault is a mere enhancement of the burglary.
Section 810.01(1), Florida Statutes, specifically makes it a crime to break and enter a dwelling house with intent to commit a felony and then to make an assault upon any person lawfully therein. The jury found the appellant guilty of this crime and the facts, as gleaned from the record, support the jury's finding. This court is without jurisdiction to alter a jury verdict when, as in this case, it is supported by both the law and the facts.
The law of this jurisdiction that in the event of a single transaction violation the sentence of the lesser crime must be vacated is too well settled to require citations.
For the foregoing reasons, I respectfully dissent to the extent that I would set aside the sentence for burglary.
NOTES
[1] In an annotation at 140 A.L.R. 364 entitled "Admissibility in Rape Case of Evidence of Previous Unchastity, or Reputation for Unchastity, of Prosecutrix," Florida is listed among those jurisdictions which refuse to admit evidence of previous acts of unchastity between the prosecutrix and men other than the accused.
[2] We note that § 794.011(6) as contained in Chapter 74-121 which became effective October 1, 1974, adopts a rule of relevance consistent with this construction.