506 So.2d 1141 (1987)
Anthony LOMONT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-39.
District Court of Appeal of Florida, Second District.
May 8, 1987.
DANAHY, Chief Judge.
Anthony Lomont appeals the summary denial of two motions for postconviction relief.
The first motion alleged ineffective assistance of counsel. The trial court ruled that this motion was insufficient on its face. We agree.
The second motion, filed as an addendum to the first, questions the correctness of Lomont's guideline scoresheet computation. His present 5-year sentence is based in part upon three prior felony convictions, for which Lomont received sixty-three points plus fifteen additional points under the Category 5 "multiplier." See Fla.R. Crim.P. 3.988(e). In his motion, Lomont now claims that he has only one prior felony conviction.
The trial court held that this matter should have been raised at sentencing or on direct appeal and, therefore, may not be raised in a motion for postconviction relief. We believe this conclusion is correct notwithstanding the recent supreme court opinions in State v. Chaplin, 490 So.2d 52 (Fla. 1986), and State v. Whitfield, 487 So.2d 1045 (Fla. 1986). In Whitfield the supreme court amended rule 3.800(a), Florida Rules of Criminal Procedure, to permit a court to correct guideline scoresheet errors at any time. However, as pointed out in Dailey v. State, 488 So.2d 532 (Fla. 1986), the scoresheet error in Whitfield was readily apparent from the face of the record. Since Whitfield had been convicted of aggravated assault, it was incorrect as a matter of law to add points for "victim injury" because injury is not an element of that offense. Fla.R.Crim.P. 3.701(d)(7). Similarly, Chaplin involved a technical computation error, the scoring of "assault with intent to commit robbery" as a "prior Category 3 [robbery] offense." On the other hand, where the error complained of *1142 would require an evidentiary determination, we believe the rule change announced in Whitfield is inapplicable.
In the present case, had Lomont objected to the scoresheet at the time of sentencing, it would have been necessary for the trial court to require the state to substantiate any hearsay allegations regarding Lomont's record, and a failure to do so could have been raised on appeal. Delaine v. State, 486 So.2d 39 (Fla. 2d DCA 1986). Alternatively, had Lomont advised counsel of the error, and had counsel failed to make an objection, the result might have been ineffective assistance and thus cognizable in a 3.850 motion. Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985). However, Lomont does not state whether counsel was apprised of the alleged scoresheet inaccuracy.
For these reasons, the order of the trial court is affirmed. See Hair v. State, 503 So.2d 449 (Fla. 2d DCA 1987) and Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986).
SCHEB and SCHOONOVER, JJ., concur.