550 So.2d 488 (1989)
Edward J. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3328.
District Court of Appeal of Florida, Fourth District.
August 23, 1989.
Rehearing Denied November 16, 1989.
*489 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions. However, we reverse his sentence on the indecent assault convictions, as the state concedes error in that appellant was not permitted to elect whether or not to be sentenced under the guidelines on these two charges. State v. Pentaude, 500 So.2d 526 (Fla. 1987).
Appellant was also convicted of, and sentenced for, the sexual battery of a child, and, being a capital offense, it is not subject to a guideline sentence. Section 921.001(4)(a) Florida Statutes (1983); Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). Nevertheless, on the guideline scoresheet for the two indecent assault convictions, the trial court used the capital sexual offense as the primary offense and scored it as a life felony, which was error.
We therefore remand for resentencing on the indecent assault convictions. If a guideline sentence is elected, the scoresheet must be recalculated using the indecent assault as the primary offense at conviction. The trial court should sentence appellant in conformance with the guidelines or give a statement of written reasons for any departure sentence imposed.
Affirmed as to convictions and sentence on capital sexual battery; reversed for resentencing on the two counts of indecent assault.
DOWNEY and WARNER, JJ., and WESSEL, JOHN D., Associate Judge, concur.