611 So.2d 2 (1992)
David HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03061.
District Court of Appeal of Florida, Second District.
December 9, 1992.
Rehearing Denied January 21, 1993.
*3 David Huffman, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
David Huffman appeals the summary denial of his motion to correct sentence. We affirm.
The motion is directed toward Huffman's 1986 conviction and sentence for armed burglary and sexual battery. The concurrent life sentences were consistent with the guideline recommendation. Huffman now asserts three separate errors which, he contends, require reduction of his sentence.
The first issue concerns the addition of 40 scoresheet points for "victim injury." This portion of the motion is based on the recent decision Karchesky v. State, 591 So.2d 930 (Fla. 1992). See also Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). Although we agree that Huffman's scoresheet is technically incorrect in this regard, the error standing alone is harmless beyond reasonable doubt. Huffman's scoresheet total was 953 points;[1] only 583 points were required to impose a guideline life sentence. Because we find Huffman's remaining arguments to be without merit, reversal based solely on the Karchesky problem would be a useless gesture.
The two other arguments both involve the correct scoring of Huffman's criminal history. The most significant prior offense is a 1972 conviction for rape, section 794.01, Florida Statutes (1971), for which Huffman received 264 points, corresponding to a life felony. Huffman contends that rape was a capital felony and therefore unscoreable. Anderson v. State, 550 So.2d 488 (Fla. 4th DCA 1989).
Technically Huffman may be correct. The state argues that rape, at least at the time Huffman was tried and sentenced, was no longer considered a "capital crime" regardless of the wording of section 794.01. This is because the death penalty statutes of Florida and other states had been held unconstitutional by the U.S. Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), as a result of which all former "capital" offenses were punishable by life imprisonment. See Donaldson v. Sack, 265 So.2d 499 (Fla. 1972); § 775.082(2), Fla. Stat. (1971). However, it does not necessarily follow that rape became a "life felony" by virtue of the Furman holding, as that term is employed for purposes of sentencing guidelines.
First, there simply was no offense known as a "life felony" at the time of Huffman's 1972 offense. See § 775.081(1), Fla. Stat. (1971). While the legislature could, and did, prescribe a maximum sentence of life for some felonies, those offenses remained felonies of the first degree. § 775.082(2)(a), Fla. Stat. (1971). The fact that life is a possible penalty in such cases would not ipso facto justify scoring them as life felonies. Cf. Hopper v. State, 465 So.2d 1269 (Fla. 2d DCA), rev. denied, 475 So.2d 696 (Fla. 1985).
Second, the supreme court has drawn a clear distinction between "capital crimes," i.e., those punishable by death, and "capital felonies." In response to Furman numerous states reenacted statutes prescribing capital punishment for certain *4 heinous offenses. In Florida, whenever the death penalty is not or cannot be imposed in such cases, the only permissible penalty is life without the possibility of parole for 25 years. § 775.082(1), Fla. Stat. (1991). The Florida legislature has designated as a capital felony the sexual battery of a child. § 775.011(2), Fla. Stat. (1991). In Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), our supreme court determined that imposition of the death penalty for this crime was so grossly disproportionate as to violate the Eighth Amendment proscription against cruel and unusual punishment. It was thereafter argued that the offense proscribed by section 794.011(2) was no longer in any sense "capital," but this position was rejected in Rusaw v. State, 451 So.2d 469, 470 (Fla. 1984). In effect this crime might be deemed a "capital-life" felony. Similarly, notwithstanding certain dicta in Donaldson, we think that the crime of rape remained a capital felony in 1972, albeit one for which the death penalty was no longer a permissible alternative.
In spite of this conclusion, we do not believe that Huffman is entitled to relief. In Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1986), we held that scoresheet errors based on calculation of "prior record," because they involve questions of disputed fact, require a contemporaneous objection. Such issues may not be raised for the first time on appeal and are not appropriate for consideration under Florida Rule of Criminal Procedure 3.800(a).[2]
We also find the error, assuming it is not foreclosed by Lomont, harmless beyond a reasonable doubt. As noted, if the prior offense were properly scored as a life felony, the scoresheet total would have been far above the minimum necessary to impose a life sentence. Had the sentencing court been made aware of the correct degree of the offense, we believe the same sentence could have been justified even if the 264 "prior record" points were (as Huffman urges) deleted altogether. Even when added to the 40 points which are rendered questionable by the Karchesky decision, this would not be enough to bring the scoresheet total below the life threshold (the total would be 649 points, whereas anything above 583 results in a life recommendation).[3] Moreover, this deletion of 264 points would occur only because a prior life felony is scoreable whereas a prior capital felony (presumably a more heinous offense) is not. Confronted with this ironic situation, the trial court could have imposed an upward departure sentence in any event. Bunney v. State, 603 So.2d 1270 (Fla. 1992).[4]
The final error alleged in Huffman's motion similarly concerns the correct computation of his prior record. At most the scoresheet would be reduced by a net of 132 points, far from sufficient to bring the presumptive sentence below the "life" threshold. As with the preceding question, this error (if in fact it occurred) is precluded from consideration by Lomont.
Affirmed.
CAMPBELL, A.C.J., and HALL and THREADGILL, JJ., concur.
NOTES
[1] The scoresheet actually shows 943 points, but as the state has pointed out, it is added incorrectly.
[2] We acknowledge that Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988), appears to call for a contrary result. The failure to object to an incorrect scoring of prior record can in some instances constitute ineffective assistance of counsel. Lang v. State, 571 So.2d 487 (Fla. 2d DCA 1990); Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985). Huffman does not make this claim, and in any event would be barred from doing so by the two-year limitations period established in rule 3.850.
[3] Only if all three errors asserted by Huffman, including the third issue discussed below, were resolved in Huffman's favor would the scoresheet total descend beneath the life recommendation.
[4] We are not persuaded that the prior conviction is completely unscoreable. Fla.R.Crim.P. 3.701(5)(a) suggests the crime could be considered a felony of "ambiguous" degree, thus scoreable as a third degree felony. Alternatively, since the crimes of rape and sexual battery are largely the same, the degree of the "analogous or parallel Florida statute" might have been assignable.