PER CURIAM.
We affirm the order revoking Mr. Scott’s community control and probation. The evidence at the hearing on violation of probation and community control permitted the trial court to find that Mr. Scott committed the following violations: (1) he failed to remain at his approved residence on September 19, 1989; (2) he committed spousal battery on February 12, 1991; and (3).he obstructed an officer on February 12, 1991. However, we strike the additional violations described in the revocation order because they were not supported by the evidence. See Williams v. State 375 So.2d 867 (Fla. 2d DCA 1979).
We also affirm Mr. Scott’s sentences imposed upon revocation of community control and probation. At the original sentencing hearing, his counsel waived a presentence investigation and stipulated to the accuracy of the scoresheet. At sentencing upon the violation of probation and community control, his counsel argued that a grand larceny charge on the scoresheet had been dismissed or was too old to be scored. Additionally, the defendant suggested that one or possibly two misdemeanors might not be properly scored. The defendant argued that the state should be obligated to prove these prior convictions *717 before sentencing upon revocation of probation and community control. These alleged errors are not errors in scoresheet calculation, and we doubt they have been preserved for direct appeal. See Dailey v. State, 488 So.2d 532 (Fla.1986). Cf. Fla. R.Crim.P. 3.800(a) (trial court may correct scoresheet calculation at any time); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987) (summary denial of motion for post-conviction relief on basis of ineffective assistance of counsel affirmed where score-sheet error complained of was not apparent from face of record and defendant did not contend that counsel had been informed of alleged scoresheet error but failed to preserve issue). Even if the errors complained of were subtracted from Mr. Scott’s score-sheet, the trial court could have imposed the same 15-year term of imprisonment, as the maximum legal sentence for a second-degree felony, under the one-cell bump for revocation of probation.
Affirmed as modified.
CAMPBELL, A.C.J., and FRANK and ALTENBERND, JJ., concur.