PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant has stated a facially sufficient claim that he is entitled to resentencing under the 1994 guidelines, we reverse.
In the instant rule 3.800 motion, the appellant alleges that the face of the record will demonstrate that he pled to a guidelines sentence rather than a specific term of years. He avers that he was sentenced under the unconstitutional 1995 guidelines and that his sentence constitutes a departure sentence under the 1994 sentencing guidelines. The trial court summarily denied the appellant’s motion as untimely.
A Heggs claim is cognizable in a rule 3.800(a) motion so long as the error is apparent on the face of the record. See Bell v. State, 795 So.2d 1140, 1141 (Fla. 1st DCA 2001). Because a rule 3.800(a) motion is not constrained by time limits, the trial court erroneously denied his claim as untimely.
We therefore reverse the summary denial of the appellant’s claim to correct illegal sentence and remand with instructions to the trial court to either attach record excerpts conclusively demonstrating that the appellant is not entitled to be resentenced or to resentence the appellant in accordance with the 1994 sentencing guidelines.
REVERSED AND REMANDED.
ERVIN, KAHN, and BENTON, JJ., concur.