940 So.2d 1215 (2006)
Jere Andre WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1975.
District Court of Appeal of Florida, Second District.
November 1, 2006.
*1216 LAWSON, C. ALAN, Associate Judge.
Jere Andre Walker appeals from the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In denying Walker's motion, the trial court misconstrued the basis for Walker's claims and erroneously found that none were cognizable under rule 3.800(a). Because we find that two of Walker's claims are cognizable under rule 3.800(a), we reverse and remand with instructions that the trial court consider the merits of these claims from Walker's motion.
Walker's motion alleges a number of errors to his criminal punishment scoresheet. In the order on appeal, the trial court summarily denied all of the claims, reasoning that Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987), precludes a defendant from raising scoresheet error claims in a rule 3.800(a) motion. However, Lomont involved a defendant's claim that his scoresheet erroneously included crimes for which he had never been convicted as scored prior convictions. The Lomont court held that this type of claim, which would require an evidentiary hearing, was inappropriate for resolution under rule 3.800(a). The court recognized, however, that a claim of scoresheet error readily apparent from the face of the record is cognizable under rule 3.800(a). 506 So.2d at 1141.
Unlike the type of scoresheet error alleged in Lomont, Walker raises two claims that are cognizable under rule 3.800(a). First, he claims that the offenses *1217 for which he was convicted in this case were erroneously scored at the wrong offense level. If true, this error would be apparent on the face of the record, and would be cognizable in a rule 3.800(a) motion. See McCullough v. State, 777 So.2d 1091 (Fla. 2d DCA 2001). Walker also claims that his scoresheet erroneously included victim injury points when there was no evidence at trial suggesting any physical injury or trauma to the victim. This claim can also be determined from the face of the record, and is cognizable under rule 3.800(a). See Dickson v. State, 826 So.2d 412 (Fla. 2d DCA 2002).
Because Walker's motion presented these two facially sufficient claims, cognizable under rule 3.800(a), the trial court must address them. See Carroll v. State, 914 So.2d 1014 (Fla. 2d DCA 2005). Therefore, we reverse the order on appeal and remand with instructions that the court address the merits of these two claims.[1]
Reversed and remanded.
PLEUS, ROBERT J., JR., and GRIFFIN, JACQUELINE R., Associate Judges, concur.
NOTES
[1] Walker also attempted to state a claim based upon alleged errors in "dates" and "docket numbers" either placed on the scoresheet or missing from it. However, these allegations are so vague as to be indecipherable. Walker does not allege what dates or docket numbers are missing or incorrect, nor does he explain how these errors affected his sentence or now entitle him to relief. As such, these allegations are facially insufficient, and need not be addressed on remand. See Stapler v. State, 939 So.2d 1092 (Fla. 5th DCA 2006) (explaining that, at a minimum, a rule 3.800(a) motion must "address how and where the record demonstrates an entitlement to relief") (quoting Baker v. State, 714 So.2d 1167, 1167 (Fla. 1st DCA 1998)). Additionally, in the body of his motion, Walker makes a somewhat convoluted argument that scoring multiple convictions based upon the same criminal act or acts violates double jeopardy. However, this claim is not cognizable under rule 3.800(a), and therefore need not be addressed on remand. See Coughlin v. State, 932 So.2d 1224 (Fla. 2d DCA 2006).