NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID S. HUFFMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-3462 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed June 3, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Donna Padar Berlin,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

David S. Huffman appeals the order striking his successive motion to

correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a).

Because the postconviction record demonstrates that Mr. Huffman's life sentences

imposed in circuit court case number 1985-CF-1782-NC are illegal and that failure to

correct the sentences could result in a manifest injustice, we affirm the order striking Mr. Huffman's motion but remand for the postconviction court to appoint the Office of the Public Defender to file a rule 3.800(a) motion on Mr. Huffman's behalf along the lines set forth in this opinion.

## I. THE FACTS AND PROCEDURAL HISTORY

In circuit court case number 1972-CF-0870-NC, a jury found Mr. Huffman guilty of rape, at the time a capital felony, and breaking and entering with intent to commit grand larceny.[1]  In November 1972, the trial court sentenced him to parole-eligible life sentences for both convictions.  This court affirmed both convictions and the parole-eligible life sentence imposed for the rape conviction but held that the breaking and entering offense was a second-degree felony and reduced that sentence to the statutory maximum of fifteen years' imprisonment.  See Huffman v. State, 301 So. 2d 815, 817 (Fla. 2d DCA 1974).  For reasons unknown, the circuit court did not enter an amended sentence until June 30, 1994.

Mr. Huffman was released on parole in 1984.  While on parole, he was charged with new offenses, and a jury found him guilty of armed sexual battery, a life felony, and armed burglary, a first-degree felony punishable by life, in circuit court case number 1985-CF-1782-NC.  On February 21, 1986, the trial court sentenced him to concurrent life sentences for each offense, and this court affirmed those convictions and sentences.  Huffman v. State, 522 So. 2d 393 (Fla. 2d DCA 1988) (table decision).

---

[1]The Florida Department of Corrections website shows the date of these offenses as July 20, 1972.

Mr. Huffman has filed several postconviction motions and has been prohibited by both this court and the postconviction court from filing pro se pleadings that attack his judgments and sentences imposed in case number 1985-CF-1782-NC. See Huffman v. Singletary, 696 So. 2d 788, 789 (Fla. 2d DCA 1997).

In 2013, Mr. Huffman filed a motion under rule 3.800(a) challenging his fifteen-year sentence for his 1972 breaking and entering conviction. The motion alleged in part that the circuit court's failure to timely correct the sentence for his 1972 breaking and entering caused that crime to be erroneously scored on his scoresheet in 1986. The circuit court struck the motion as unauthorized under its 1999 order enjoining Mr. Huffman from further pro se filings. Mr. Huffman appealed that order, and this court appointed the Public Defender to represent him and to file a brief regarding errors apparent on the face of the 1986 scoresheet that was attached to Mr. Huffman's motion.

## II. MR. HUFFMAN'S APPELLATE ARGUMENTS

Mr. Huffman contends that two scoresheet errors resulted in de facto upward departure life sentences. First, Mr. Huffman's 1972 conviction for rape under section 794.01, Florida Statutes (1972), was a capital offense, and capital offenses were not scored as a prior record under the sentencing guidelines. See Stuart v. State, 536 So. 2d 363, 364 (Fla. 2d DCA 1988) ("Capital felonies are not subject to the sentencing guidelines, § 921.001(4)(a), Fla. Stat. (1985), and cannot be considered in calculating the presumptive range." (citing Smith v. State, 454 So. 2d 90 (Fla. 2d DCA 1984))). The scoresheet improperly assesses 264 points as a "life felony" for this conviction. Second, Mr. Huffman's 1972 conviction for breaking and entering was improperly scored as a first-degree felony punishable by life and not as a second-

- 3 -

degree felony. See Huffman, 301 So. 2d at 815. For that reason, the scoresheet improperly adds 211 points under prior record for a first-degree felony punishable by life instead of 159 points for two second-degree felonies and 26 points for one third-degree felony.

Mr. Huffman contends that a correct scoresheet total, i.e., 557 points, would result in a recommended range of twenty-seven to forty years' imprisonment.[2] See Fla. R. Crim. P. 3.988(b). "Under the original sentencing guidelines, the guidelines calculation resulted in a presumptive sentence of a single number of years and a 'one-cell' recommended range of years. A sentence calculation error was deemed harmful if it fell outside the recommended range." State v. Anderson, 905 So. 2d 111, 114 (Fla. 2005) (citation omitted). "[S]uch an error was deemed a de facto departure sentence and therefore illegal." Id. at 114 n.4.[3] Mr. Huffman further argues that the errors appear on the face of the record and can be corrected at any time under rule 3.800(a). He asks this court to vacate his life sentences imposed in case number 1985-CF-1782-NC and to remand for resentencing within the recommended range under the 1985 guidelines.

---

[2]Mr. Huffman actually argues that the correct scoresheet total is 565 points. This number appears to be incorrect. We calculate the correct scoresheet total as follows: I: Primary offense at conviction, sexual battery, a life felony, 262 points; II: Additional offense at conviction, armed burglary, a first-degree felony punishable by life, 40 points; III: Prior record, the 1972 rape, which is not scoreable; two second-degree felonies,159 points; and one third-degree felony, 26 points; IV: Legal constraint, on parole, 30 points; and V: Victim injury, penetration or slight injury, 40 points; Total, 557 points.

[3]We observe that under the amended 1988 version of the guidelines (effective July 1, 1988), Mr. Huffman's life sentences would be in the newly-created "permitted range" and would not be illegal. See In re Sentencing Guidelines, 522 So. 2d 374, 382-83 (Fla. 1988).

In its response, the State points out that this court has previously addressed the scoresheet errors asserted in Mr. Huffman's current motion and held that such errors could not be raised for the first time on appeal and are not appropriate for consideration under Florida Rule of Criminal Procedure 3.800(a) because they involved questions of disputed fact.  Huffman v. State, 611 So. 2d 2, 4 (Fla. 2d DCA 1992). (citing Lomont v. State, 506 So. 2d 1141 (Fla. 2d DCA 1986)).[4]  This court also determined, based on the record before it, that the alleged errors were harmless beyond a reasonable doubt.  Id.

### III.  DISCUSSION

### A.  This Court's Prior Reliance on Lomont

In Lomont, the defendant contended in a postconviction motion that his five-year sentence was based on a calculation that assessed three prior felony convictions, but he claimed that he had only one prior felony conviction.  506 So. 2d at 1141.  The postconviction court ruled that the error should have been raised at sentencing or on direct appeal and was procedurally barred in a motion for postconviction relief.  Id.  This court affirmed "notwithstanding the recent supreme court opinions in State v. Chaplin, 490 So. 2d 52 (Fla. 1986), and State v. Whitfield, 487 So. 2d 1045 (Fla. 1986)" because Mr. Lomont's claim of scoresheet error was not "readily

---

[4]In our 1992 opinion, this court also addressed the addition of 40 scoresheet points for victim injury in light of the then-recent decision in Karchesky v. State, 591 So. 2d 930 (Fla. 1992).  Huffman, 611 So. 2d at 3.  Mr. Huffman has not raised a claim of error with regard to the assessment of scoresheet points for victim injury in his current motion, and to the extent that the assignment of such points may have been incorrect, it did not involve his 1972 convictions.

apparent from the face of the record" and would require an evidentiary hearing to resolve.  Id. at 1141-42.

We are unable to discern the extent of record evidence that this court had in front of it at the time Huffman v. State, 611 So. 2d 2, was decided.  However, in the record presently before this court, it appears that Mr. Huffman's 1986 sentencing guidelines scoresheet is inaccurate for the reasons outlined above.  Accordingly, we conclude that the error complained of is apparent on the face of the record and is amenable to correction via a motion to correct an illegal sentence pursuant to rule 3.800(a).  See Whitfield, 487 So. 2d at 1047 (holding that a contemporaneous objection was not required to preserve review of an illegal sentence and amending rule 3.800(a) to provide that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet"); Chaplin, 490 So. 2d at 53 (noting that the amendment to rule 3.800(a) announced in Whitfield was dispositive of that case, "as it allows the trial court to correct, at any time, an incorrect calculation of a sentencing guidelines score sheet"); see also Merchant v. State, 509 So. 2d 1101, 1102 (Fla. 1987) (holding that Merchant's claim of scoresheet error "is controlled by our decision in Whitfield because first, the alleged error does appear in the record and second, the error did in fact result in a departure from the presumptive guidelines sentence").

## B.  Collateral Estoppel and Manifest Injustice

This court has repeatedly held that the doctrines of law of the case and collateral estoppel will not apply to preclude consideration of a successive rule 3.800(a) motion when doing so would result in a defendant serving a sentence that exceeds the

sentence that could have been legally imposed.  See Plasencia v. State, 170 So. 3d 865, 872 (Fla. 2d DCA 2015) (holding that an improper upward departure sentence resulting in nine additional years of imprisonment constituted a manifest injustice which precluded the application of collateral estoppel to bar Mr. Plasencia's claim); Bronk v. State, 25 So. 3d 701, 703 (Fla. 2d DCA 2010) ("The fact that this court affirmed a denial of [Mr. Bronk's] claim in a previous postconviction motion does not preclude relief when the award of jail credit is clearly incorrect as a matter of law and a failure to correct that error would result in manifest injustice."); Brinson v. State, 995 So. 2d 1047, 1049 (Fla. 2d DCA 2008) ("While the doctrines of law of the case or collateral estoppel can apply to preclude consideration of a successive rule 3.800(a) motion, we conclude that application of those doctrines under the circumstances of this case would likely constitute manifest injustice because it appears that Brinson is serving a sentence that far exceeds what he would be subject to absent the improper enhancement."); Cillo v. State, 913 So. 2d 1233, 1233 (Fla. 2d DCA 2005) ("Although this claim would typically be collaterally estopped, we are nevertheless compelled to correct a manifest injustice because, as the State concedes, Cillo's sentence exceeds the statutory maximum.").

In this case, with a corrected scoresheet, Mr. Huffman's recommended range under the guidelines appears to be from twenty-seven to forty years; thus, his sentences of life imprisonment could not have been imposed absent a departure.[5]  To be sure, Mr. Huffman's prior capital conviction constitutes a basis upon which the trial court could depart from the guidelines to impose a life sentence.  See Davis v. State,

---

[5]We do not address the issue of the assessment of 40 points for victim injury in connection with Mr. Huffman's 1986 conviction for sexual battery.

493 So. 2d 82, 83 (Fla. 1st DCA 1986) ("Since the rules of criminal procedure do not provide a means of scoring a capital felony as an additional offense at conviction, a capital felony may be considered by the trial court as a reason for departing from the guidelines."). Nevertheless, the possibility of a departure cannot render an illegal sentence harmless because this court cannot "speculate on the trial judge's action on remand and, in any event, [a defendant] is entitled to appellate review of the mandatory findings written in support of any departure." Whitfield, 487 So. 2d at 1047; see also Ferguson v. State, 554 So. 2d 1214, 1215 (Fla. 2d DCA 1990) ("Although the unscored capital conviction would be a valid reason for an upward departure, we cannot affirm the sentence when that reason has not been reduced to writing.").[6]

## IV. CONCLUSION

Based on the foregoing, we affirm the order striking Mr. Huffman's motion. However, we remand for the postconviction court to appoint the Office of the Public Defender to consider this matter and, if appropriate, to file a rule 3.800(a) motion on Mr. Huffman's behalf. The postconviction court shall consider the merits of the motion, and if appropriate, resentence Mr. Huffman under the 1985 guidelines.[7]

Affirmed; remanded with directions.

WALLACE, LaROSE, and BADALAMENTI, JJ., Concur.

---

[6]This court's comment in Huffman, 611 So. 2d at 4, that "the trial court could have imposed an upward departure sentence in any event," although dicta, appears to conflict with Whitfield.

[7]We note that any correction of Mr. Huffman's sentences in case number 1985-CF-1782-NC will not affect his sentence of parole-eligible life imprisonment for his rape conviction in case number 1972-CF-0870-NC. However, failure to correct the sentences could conceivably prevent Mr. Huffman from being released on parole, should the Parole Commission determine that parole is appropriate.