NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HELEN K. TIDWELL, )
 )
 Appellant, )
 )
v. ) Case No. 2D18-545
 )
STATE OF FLORIDA, )
 )
 Appellee. )
_____)

Opinion filed August 31, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Mark F. Carpanini, Judge.

Helen K. Tidwell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

Notwithstanding any earlier rulings of this court to the contrary as to case

CF98-000732-XX, we affirm without prejudice to Helen Tidwell's filing in the circuit court,

if she can do so in good faith, a facially sufficient motion seeking relief pursuant to

Florida Rule of Criminal Procedure 3.800(a) and Heggs v. State, 759 So. 2d 620 (Fla.

2000).  See Lopez v. State, 890 So. 2d 534, 534 (Fla. 1st DCA 2005) ("A Heggs claim is cognizable in a rule 3.800(a) motion so long as the error is apparent on the face of the record.  Because a rule 3.800(a) motion is not constrained by time limits, the trial court erroneously denied his claim as untimely." (citation omitted)); see also Heggs, 759 So. 2d at 627 ("[I]f a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.").  The circuit court shall not consider such a motion successive.  See, e.g., Huffman v. State, 192 So. 3d 687, 690-91 (Fla. 2d DCA 2016) (noting that "the doctrines of law of the case and collateral estoppel will not apply to preclude consideration of a successive rule 3.800(a) motion when doing so would result in a defendant serving a sentence that exceeds the sentence that could have been legally imposed").

Affirmed.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.