478 So.2d 1184 (1985)
Raymond Walter LANIER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2040.
District Court of Appeal of Florida, Second District.
November 27, 1985.
*1185 LEHAN, Judge.
Defendant, Raymond Lanier, appeals the summary denial of his motion for post-conviction relief. We reverse.
In 1983 defendant received a fifteen-year sentence for unarmed robbery, the maximum permissible by law. His conviction was affirmed without opinion. Lanier v. State, 456 So.2d 1188 (Fla. 2d DCA 1984). Primarily due to his extensive past record as indicated by the presentence investigation report the sentence was shown to be within the range provided by the sentencing guidelines.
In his motion defendant claimed that his trial counsel was ineffective because of the failure to object to certain guideline scoresheet errors affecting the length of defendant's presumptive sentence. To cite one example, defendant alleged that certain offenses scored as felonies, as indicated on the PSI, actually had been reduced to misdemeanors. He stated that he had apprised trial counsel of these inaccuracies. We conclude that the motion presents at least a prima facie showing of entitlement to relief.
In the absence of a contemporaneous objection, scoresheet inaccuracies not determinable on the basis of the record on appeal are not preserved for direct appellate review. Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985). Nor may the issue of a scoresheet inaccuracy be raised in a motion for post-conviction relief. Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984).
The state may in a proper case be required to produce competent evidence to corroborate hearsay in a PSI report upon challenge by the defendant. See Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985). If there were prejudicial errors on the scoresheet and defense counsel knew of their possible existence and took no steps to ascertain whether there were errors and, if so, to correct or object to them, we cannot say that ineffective assistance of counsel did not occur.
We remand to the trial court with directions to either afford defendant a hearing on his claim of ineffective assistance of counsel or to attach portions of the record sufficient to refute defendant's claim. If the court again denies the motion, defendant must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
OTT, A.C.J., and FRANK, J., concur.