560 So.2d 406 (1990)
STATE of Florida, Appellant,
v.
Edward A. LINDSEY, Appellee.
No. 89-1440.
District Court of Appeal of Florida, Fifth District.
May 3, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Edward A. Lindsey, Jr., Lowell, pro se.
PETERSON, Judge.
The state appeals an order granting Edward Lindsey's motion to correct an illegal *407 sentence and granting a new trial. We agree with the state that the defendant received the legal sentence that was a condition of his plea agreement, and we reverse the trial court.
An information charged Lindsey with one count of kidnapping and six counts of sexual battery. A plea agreement signed by all parties was submitted to the court in which Lindsey pled guilty to the kidnapping charge and four counts of sexual battery. The state agreed to nol-pros two counts of sexual battery, as well as a charge of aggravated assault in another pending case.
The court accepted the plea agreement and sentenced Lindsey to the agreed upon sentence of 14 years' incarceration followed by 15 years' probation. The scoresheet assigned 302 points to the four counts of sexual battery as being the primary offenses at conviction, 44 points for the kidnapping charge as an additional offense at conviction, 5 points for a prior misdemeanor, and 40 points for victim injury, for a total of 391 points. The guideline sentence was 12 to 17 years' incarceration.
Lindsey then filed a motion for correction of an illegal sentence which the court granted. The motion alleged the following four errors:
1. The court departed from the guidelines and imposed a 29-year split sentence of 14 years' incarceration, followed by 15 years' probation, while the recommended guideline sentence was 12 to 17 years.
2. The kidnapping charge was a first-degree felony punishable by imprisonment for a term of years not exceeding life rather than a life felony, and the score should have been 40 points rather than 44 points.
3. Only one sexual battery should have been scored as a primary offense with the three remaining sexual batteries scored as additional offenses.
4. The prior misdemeanor should not have been scored since it was an uncounseled conviction.
The points raised on appeal by Lindsey can be disposed of summarily, as follows:
1. The trial court is permitted under the sentencing guidelines to impose a combination of incarceration and probation so long as the incarcerative portion is within the recommended range, and the combined terms of incarceration and probation do not exceed the statutory maximum. See Loomis v. State, 531 So.2d 423 (Fla. 5th DCA 1988). Since the incarcerative portion of the sentence was 14 years, it did not exceed the recommended guideline sentence of 12 to 17 years. The combined terms of incarceration and probation do not exceed the statutory maximum of life.
2. Lindsey is correct when he asserts that kidnapping under section 787.01, Florida Statutes, is a felony of the first degree. However, in this case, Lindsey used a firearm while committing the offense of kidnapping and, therefore, enhanced the offense through section 775.087, Florida Statutes, which reclassifies the offense as a life felony.
3. All four sexual battery offenses were properly scored as primary offenses. Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987).
4. Finally, Lindsey argues that his guideline scoresheet erroneously scored an uncounseled misdemeanor conviction as a prior record. This error was not apparent on our examination of the record, and it appears that at sentencing no objection was made to the points assigned on the scoresheet. The objection should have been made at sentencing for a factual resolution and then raised on direct appeal. The scoring of an uncounseled misdemeanor conviction may not be raised for the first time by a motion for post-conviction relief. Stewart v. State, 511 So.2d 375 (Fla. 1st DCA 1987); Forehand v. State, 537 So.2d 103 (Fla. 1989). Even if the misdemeanor charge were eliminated and the points assigned for the kidnapping were reduced by 4 points, the resulting 9-point reduction *408 would not place the defendant's guideline sentence in the next lower cell.
Accordingly, we vacate the order granting defendant's motion to correct an illegal sentence and setting the case for new trial.
REVERSED.
HARRIS and GRIFFIN, JJ., concur.