629 So.2d 1052 (1993)
Ian MANUEL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03975.
District Court of Appeal of Florida, Second District.
December 29, 1993.
PER CURIAM.
Ian Manuel appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Several issues are raised in the motion. With the exception of the one discussed herein, all grounds for relief are without merit and the circuit court properly denied relief as *1053 to those grounds. We remand for further proceedings regarding one claim that Manuel received ineffective assistance from his trial attorney.
It appears that Manuel was only thirteen years old when he committed the offenses underlying this appeal (attempted murder and armed robbery). Notwithstanding his relative youthfulness, Manuel received a guideline sentence of life in prison. He now complains that this extremely severe guideline recommendation was largely the product of uncounseled juvenile adjudications scored as "prior record." See Fla.R.Crim.P. 3.701(d)(5)(G). Counsel, however, allegedly failed to challenge any of these convictions.
We held in Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985), that the failure to object to known guideline scoresheet errors could constitute ineffective assistance. In Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987), we specifically dealt with an alleged failure to object to uncounseled prior convictions. Cf. Register v. State, 619 So.2d 498 (Fla. 2d DCA 1993) (failure to object to uncounseled prior DUI convictions used to enhance present offense to felony status). Accordingly, in the present case Manuel might be entitled to relief if: (1) counsel knew or should have known that prior juvenile offenses were uncounseled and therefore unscorable; (2) counsel failed to bring this to the sentencing court's attention; (3) inclusion of the uncounseled juvenile offenses affected the recommended sentence. And see Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987) (acknowledging that scoresheet error may have affected extent of guideline departure).
After remand the circuit court should reexamine the files and records in this case in an effort to determine whether anything therein conclusively refutes this portion of Manuel's motion. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon. Otherwise, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and CAMPBELL and BLUE, JJ., concur.