PER CURIAM.
Robert Coleman challenges the trial court’s denial of his posteonviction motion which the court found to be untimely. Of the myriad issues he raises, many are untimely and others are without merit in any circumstance. One, however, should have been raised in a motion to correct sentence which has no time limits and, based on Coleman’s unrefuted representations, may entitle him to relief.
In 1991 Coleman entered a plea to a variety of sexual offenses and was placed on long term supervision. Two subsequent violations of that supervision resulted in sentences being imposed totaling twenty years. He claims that on his sentencing scoresheet, presumably first used in 1991 and then again in 1994 when he was sentenced to prison, he was scored victim injury points for contact or penetration. The Florida Supreme Court disapproved of this practice in 1992. See Karchesky v. State, 591 So.2d 930 (Fla.1992). He alleges as well that the inclusion of these points resulted in placing him in a sentencing cell one higher than he would have been absent this error. See Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995). This constitutes a facially sufficient claim under Florida Rule of Criminal Procedure 3.800(a) which has not been refuted by any record attachments by the trial court.
*12 While the erroneous inclusion of victim injury points after the date of Karchesky would best be remedied on direct appeal, Florida Rule of Criminal Procedure 3.800(a) specifically authorizes correction of calculation errors on sentencing scoresheets at any time.
There are no obstacles which Coleman confronts in bringing this to the court’s attention in a properly drafted motion to correct sentence. In the interests of judicial economy, however, we feel the most efficient manner of resolving this problem is to affirm the trial court on all other matters raised and to remand for the trial court to address Coleman’s Karchesky claim as though it had been advanced in the proper procedural vehicle.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and SCHOONOVER and BLUE, JJ., concur.