677 So.2d 1357 (1996)
Grady R. BRYE, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-914.
District Court of Appeal of Florida, First District.
August 12, 1996.
No brief filed for Appellant.
No brief filed for Appellee.
MICKLE, Judge.
Appellant seeks review of the trial court's order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of appellant's claim that his sentence is illegal in that certain uncounseled convictions were improperly scored in the calculation of his guidelines sentence. This claim may not be raised for the first time by a motion for post-conviction relief. See State *1358 v. Lindsey, 560 So.2d 406 (Fla. 5th DCA 1990); Stewart v. State, 511 So.2d 375 (Fla. 1st DCA 1987); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987).
However, we must reverse the summary denial of appellant's alternative claim for relief that trial counsel rendered ineffective assistance in that (1) counsel knew or should have known that the prior uncounseled convictions were unscoreable; (2) counsel failed to bring this to the sentencing court's attention; and (3) inclusion of these offenses on the guidelines scoresheet affected the recommended sentence. We find that appellant's allegations presented a prima facie showing of entitlement to relief, enough to require something more than summary denial thereof. See Manuel v. State, 629 So.2d 1052 (Fla. 2d DCA 1993); Register v. State, 619 So.2d 498 (Fla. 2d DCA 1993); Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987); Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985). We remand to the trial court with directions to either afford appellant a hearing on his claim of ineffective assistance of counsel or to attach those portions of the record sufficient to refute the claim.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
ALLEN and LAWRENCE, JJ., concur.