PER CURIAM.
Antonio Kirkland appeals the trial court’s order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raises several grounds for relief in his motion, only one of which has merit. We reverse and remand for further proceedings as to that issue, as well as a sentencing error, and affirm as to the remaining issues without discussion.
Appellant alleged that trial counsel was ineffective for failing to object to the scoring of fifteen misdemeanors on appellant’s scoresheet when counsel had been informed that appellant had, at most, seven misdemeanors. A claim of ineffective assistance of counsel due to counsel’s failure to object to errors in the scoring of prior convictions, of which counsel was apprised, is cognizable in a rule 3.850 motion. Manuel v. State, 629 So.2d 1052 (Fla. 2d DCA 1993) (defendant may be entitled to relief on 3.850 claim if counsel knew prior juvenile convictions, which affected the guidelines recommended range, were unscorable and failed to bring this to the trial court’s attention).
The trial court summarily denied this claim based on a finding that the additional points added to the scoresheet for the eight allegedly incorrect misdemeanor convictions did not place appellant in a different guideline range. We would affirm except that appellant’s guidelines scoresheet contains a mathematical error that causes the trial court’s finding to be incorrect. The total points scored for additional offenses at conviction should be twenty-one rather than twenty-three, and there is also an error in the addition of all the categories on the scoresheet. After correction of these errors, appellant’s scoresheet points total 219 rather than 227. If appellant’s assertion that he had only seven prior misdemeanors is correct, then sixteen points were incorrectly added to his scoresheet. Subtraction of these points would lower appellant’s score-sheet from a recommended range of 5$ to 7 years’ prison (with a permitted range of %. to 9 years ) to a recommended range of %. to 5% years (with a permitted range of 3$ to 7 years). Therefore, appellant is entitled to an evidentiary hearing as to this issue unless the trial court attaches portions of the record that conclusively refute the claim.
Although not raised by the appellant, we also observe that the concurrent nine-year prison sentences imposed for appellant’s convictions of tampering with a witness and failure to appear are illegal. Each of these offenses is a third-degree felony for which the statutory maximum sentence is five years. See §§ 914.22(1), 843.15(1)(a), Fla. Stat. (1993). Therefore, we vacate these sentences and remand for resentencing.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, C.J., and LAZZARA and FULMER, JJ., concur.