PER CURIAM.
Jesse M. Montague appeals the denial of his motion for posteonvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Montague’s motion sets forth several grounds for relief, only one of which merits discussion. Montague, who was convicted of three counts of sexual activity with a child by a person in familial authority, alleges his attorney provided ineffective assistance of counsel when he allowed, without reviewing the seoresheet, 120 points to be scored for victim injury, although no actual physical trauma was inflicted on the victim. Montague committed his crimes prior to the effective date of section 921.001(8), Florida Statutes (Supp.1992), so that, if the allegation prove true, these points would be prohibited under the holding in Karchesky v. State, 591 So.2d 930 (Fla.1992). Without these points, Montague’s guideline range drops three cells from 17-22 years to 7-9 years in the recommended range.
Montague’s claim of ineffective assistance of counsel is facially sufficient and the court’s order fails to refute his claim. Accordingly, we reverse the order denying Montague’s motion for posteonvietion relief as to this issue only. We refer the trial court to the case of Fenelon v. State, 629 So.2d 955 (Fla. 4th DCA 1993), to assist in the determination of what constitutes victim injury under the *238 circumstances of this case. See State v. Montague, 682 So.2d 1085 (Fla.1996). On remand, the trial court may either hold an evidentiary hearing to address Montague’s claim or attach portions of the record that refute the claim. In all other respects the order denying the motion for postconviction relief is affirmed.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.