PER CURIAM.
Randall Howard challenges the order of the trial court denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, the trial court’s denial of four of the five claims raised in Howard’s motion, but remand for further proceedings on his claim that the trial court improperly sentenced him based on the inclusion of victim injury points on the sentencing guidelines scoresheet where there was no evidence of actual physical injury.
Howard was convicted after jury trial of two counts of handling or fondling a child in lewd and lascivious manner. Howard does not allege that counsel was ineffective for *600 failing to object to the inclusion of the victim injury points as did the defendant in Montague v. State, 702 So.2d 237 (Fla. 2d DCA 1997). This claim is not, therefore, a rule 3.850 claim. We treat the claim, however, as if it had been properly raised pursuant to Florida Rule of Criminal Procedure 3.800. See Coleman v. State, 677 So.2d 11 (Fla. 2d DCA 1996); Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997).[1]
Howard alleges that the offenses occurred before the amendment to section 921.001(8), Florida Statutes (Supp.1992), which overruled Karchesky v. State, 591 So.2d 930 (Fla.1992). He also alleges that the addition of the victim injury points placed him in a different guidelines range. Any error, therefore, cannot be presumed to be harmless. See Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995). The trial court neither addressed this claim nor provided any attachments to refute it. Accordingly, we remand to the trial court to determine the merits of the claim. Should the offenses have occurred prior to the amendment of the statute, the trial court must excise the victim injury points unless the record shows actual physical injury to the victims. See Terrell v. State, 668 So.2d 656 (Fla. 2d DCA 1996). On remand, if the trial court again denies Howard’s claim, it must attach those portions of the record that refute the claim. See Montague.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and QUINCE and WHATLEY, JJ., Concur.

. We note that State v. Montague, 682 So.2d 1085 (Fla. 1996), requires a contemporaneous objection to preserve a Karchesky error for review where the error is not apparent on the face of the record. However, in this case, appellant was convicted after jury trial, and the trial court does not need to hold an evidentiary hearing to resolve any disputed factual issues, but may review the transcript of the trial prepared for the direct appeal to this court to determine whether victim injury points were properly assessed. Under these circumstances we do not believe the preservation issue needs to be addressed.