PER CURIAM.
Marcus Miller appeals the trial court’s order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Miller alleged that his trial counsel was ineffective for failing to object to the scoring of numerous juvenile misdemeanors on his scoresheet, which were not scorable under Florida Rule of Criminal Procedure 3.701(d)(5)(G), as they were beyond the three-year time limitation created by the rule.[1] Miller alleged his counsel should have been aware that the rule was applicable to his case and that if the juvenile adjudications *415 had not been included, he would have fallen into a different guidelines range for sentencing. A claim of ineffective assistance of counsel due to counsel’s failure to object to errors in the scoring of prior convictions, when counsel is aware of the problem, is cognizable in a rule 3.850 motion. See Manuel v. State, 629 So.2d 1052 (Fla. 2d DCA 1993) (holding that defendant may be entitled to relief on 3.850 claim if counsel knew prior juvenile adjudications, which affected the guidelines recommended range, were unscorable and failed to bring this to the trial court’s attention).
The trial court summarily denied Miller’s claim based on a finding that counsel had filed a motion to strike Miller’s juvenile adjudications. Counsel’s motion to strike, which was later withdrawn prior to the court ruling on it, contained a laundry list of nonspecific attacks on the underlying adjudications that failed to reference the time limitation under the rule. The motion to strike listed the case numbers and the dates of the adjudications, some of which are clearly outside of the prescribed three-year period, so that it is clear that counsel was aware of the facts pertinent to the issue before the court.
It is not clear from the record before this court how much Miller’s guideline score-sheet would change if the applicable juvenile offenses were stricken from the scoresheet. However, Miller has made a facially sufficient claim for relief which is not refuted by the record attached to the trial court’s order. Accordingly, we reverse the order denying relief on Miller’s motion for postconviction relief and remand for further proceedings consistent with this opinion.
Reversed and remanded.
THREADGILL, A.C.J., and GREEN and CASANUEVA, JJ„ Concur.

. Florida Rule of Criminal Procedure 3.701(d)(5)(G) provides: "All prior juvenile dispositions that are the equivalent of convictions as defined in subdivision (d)(2), occurring within 3 years of the commission of the primary offense and that would have been criminal if committed by an adult, shall be included in prior record.”