730 So.2d 322 (1999)
Jeffery HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2524
District Court of Appeal of Florida, First District.
February 15, 1999.
No brief filed, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Jeffery Hill ("Appellant") appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. We reverse the order and remand for further proceedings consistent with the opinions presented herein.
In December 1997, Appellant entered a plea of nolo contendere to the crimes of attempted first-degree murder with a firearm while engaged in a felony (Count One), possession of a firearm by a convicted felon (Count Two), and attempted armed robbery with a firearm (Count Three). In accordance with the specific terms of the plea agreement between Appellant and the State, the trial court sentenced Appellant to concurrent terms of nine years in prison for each of the three counts, with consecutive three-year minimum mandatory terms to be served on Counts One and Three. No direct appeal was taken.
In April 1998, Appellant filed a timely, sworn motion for post-conviction relief alleging three grounds for relief and asking the trial court 1) to vacate and set aside the judgment and sentence in Count One, 2) to order the three-year minimum mandatory terms to run concurrently rather than consecutively, *323 and 3) to correct the sentencing guidelines scoresheet by deleting nineteen points and nine points, respectively, for armed burglary and escape in the "prior record" grid. Pursuant to a show-cause order, the State filed a response recommending denial of the motion. Without holding an evidentiary hearing or attaching portions of the record to refute Appellant's allegations, the trial court denied the motion.
In Ground One, Appellant alleged that his 1997 conviction in Count One for attempted first-degree (felony) murder constitutes a violation of due process, in light of the Florida Supreme Court's 1995 decisions abrogating prior case law that had recognized the crime of attempted felony murder. State v. Grinage, 656 So.2d 457 (Fla.1995); State v. Gray, 654 So.2d 552 (Fla.1995) (decision abrogating prior decisional law recognizing offense of attempted felony murder would be applied to all cases pending on direct review or not yet final). Gray applies to the case at bar. In its order, the trial court found no due process violation and did not address the Gray and Grinage question.
Although Rule 3.850(c) "does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence," fundamental error i.e., "error ... which amounts to a denial of due process"can be raised for the first time in a post-conviction proceeding. Willie v. State, 600 So.2d 479, 482 (Fla. 1st DCA 1992). As we noted in Vogel v. State, 365 So.2d 1079, 1080 (Fla. 1st DCA 1979) (fundamental error required reversal of conviction of attempted possession of burglary tools, an offense that Supreme Court of Florida held was not a crime, in opinion issued while defendant's appeal was pending), the "[j]udicial conscience cannot allow a person to remain imprisoned for a crime which the Supreme Court has held does not exist." Accordingly, we conclude that Ground One stated a facially sufficient claim for relief.
In accordance with the fairness policies set forth in Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995), we reverse the order and remand for further proceedings. On remand, Appellant may move to withdraw his plea in its entirety. If Appellant's plea is withdrawn, the parties will return to the status quo ante and the State may file any appropriate charges. If Appellant lets stand his plea, then the current sentences will remain in effect.
In Ground Two of his motion, Appellant challenged the consecutive running of his three-year minimum mandatory terms. Goens v. State, 453 So.2d 97 (Fla. 1st DCA 1984) (where attempted second-degree murder and armed burglary were committed at same time and place and occurred during single criminal episode or transaction, § 775.021(4), Fla. Stat., required separate sentences for separate offenses but did not authorize "stacking" of consecutive 3-year minimum mandatory sentences). In support of his claim, Appellant alleged as follows:
The defendant's convicted [sic] on Count I Attempted First Degree Murder With a Firearm and Count III Attempted Armed Robbery With a Firearm, terms of 3 year mandatory cannot be imposed to run "consecutively" because each stems from the same criminal episode.
This merely conclusory allegation is facially insufficient for lack of any supporting facts. Morrison v. State, 283 So.2d 137 (Fla. 2d DCA 1973) (post-conviction motion must allege sufficient facts, not mere conclusions). Therefore, the trial court properly denied relief as to this claim.
In Ground Three, Appellant alleged that his sentencing guidelines scoresheet was incorrectly calculated in that the "prior record" grid denoted his convictions for, and scored, escape and armed burglary. The motion alleged that he never had been convicted of these two offenses. Any error on a scoresheet is harmless where a defendant's sentences are the result of his negotiated plea agreement. White v. State, 531 So.2d 711 (Fla.1988); Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991); Yukanovitz v. State, 547 So.2d 722 (Fla. 1st DCA 1989). The trial court sentenced Appellant to the same terms to which he had agreed in his plea agreement. Therefore, Ground Three was properly denied.
*324 REVERSED and REMANDED for further proceedings in accordance with Williams, supra.
ALLEN and WEBSTER, JJ., CONCUR.