PER CURIAM.
Appellant seeks review of an order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief on the ground that his trial counsel had been ineffective for failing to either object to or verify the prior record set out on the sentencing guidelines scoresheet. Because appellant failed to allege that his attorney either knew or should have known that the prior record was incorrect, appellant has failed to state a facially sufficient claim’ See, e.g., Miller v. State, 725 So.2d 414 (Fla. 2d DCA 1999); Brye v. State, 677 So.2d 1357 (Fla. 1st DCA 1996); Manuel v. State, 629 So.2d 1052 (Fla. 2d DCA 1993); Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985). Accordingly, we affirm. However, we do so without prejudice to appellant’s right to file in the trial court a timely, legally sufficient, motion seeking relief.
AFFIRMED.
MINER, WEBSTER and LAWRENCE, JJ„ CONCUR.