PER CURIAM.
John Willie Stewart appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Stewart’s claims included issues that were properly raised in a rule 3.850 motion and issues that should have been raised in a Florida Rule of Criminal Procedure 3.800 motion. The trial court addressed all of the issues identified by Stewart and entered two orders on them. This court has reviewed Stewart’s motion in its entirety and treats it as if filed pursuant to the appropriate rule. See Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997); Coleman v. State, 677 So.2d 11 (Fla. 2d DCA 1996).
Stewart challenges his seven-year sentences for two third-degree felonies, contending that the sentences exceed the statutory maximum. The trial court ruled that the sentences were legal under the habitual offender statute. However, Stew *594 art’s third-degree felony convictions are for possession of a controlled substance and, as such, are not subject to habitualization pursuant to section 775.084(1)(a), Florida Statutes (1993), and his sentences for these convictions may not exceed five years under section 775.082(3)(d), Florida Statutes (1993). See Gregory v. State, 739 So.2d 100 (Fla. 2d DCA 1999). Consequently, he must be resentenced on the possession charges.
Stewart also contends that his scoresheet included points for crimes for which he has not been convicted. A hearing on this claim was conducted on October 16, 1998. It appears from the transcript of the hearing that Stewart’s counsel was not given the opportunity to review the documents presented by the State to support Stewart’s sentence. This was error. Moreover, the order issued following the hearing does not reflect the oral pronouncement made by the trial court at the hearing.
In addition, it is impossible to determine from the record which offenses were relied on by the court to sentence Stewart as a habitual offender and which offenses were used in computing his scoresheet. It also appears that none of the judgments relied on by the court to sentence Stewart as a habitual offender were entered into evidence. Because Stewart must be given guidelines sentences on the possession charges, it is essential that his scoresheets be computed correctly and that his attorney be given the opportunity to review and challenge, if appropriate, the documents relied on by the State in completing the scoresheets.
Stewart’s remaining issues are without merit, and the trial court’s order is affirmed with regard to those issues.
Affirmed in part, reversed in part, and remanded with directions.
BLUE, A.C.J., and GREEN and STRINGER, JJ., Concur.