PER CURIAM.
Jeffery K. Flores, the appellant, challenges an order denying relief sought in his motion filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Appellant claimed several errors in his guidelines seoresheet, but the lower court denied relief, on the authority of Hill v. State, 730 So.2d 322 (Fla. 1st DCA 1999), because appellant was sentenced pursuant to a plea agreement. The record on appeal, however, does not substantiate the lower court’s statement that appellant was sentenced pursuant to a plea agreement. The state, upon issuance of a Toler[1] order, has conceded that a remand is required so that the lower court m.ay attach to its order denying post-conviction relief portions of the record demonstrating that appellant was sentenced pursuant to a plea agreement and hence is not entitled to relief on the grounds stated in his motion. See Floyd v. State, 735 So.2d 504 (Fla. 1st DCA 1999).
The cause is therefore REVERSED and REMANDED.
LAWRENCE, DAVIS AND VAN NORTWICK, JJ., CONCUR.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).