PER CURIAM.
Omar Awad (Appellant) seeks review of an order of the circuit court summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
Appellant entered a plea of nolo conten-dere to tampering with evidence and resisting arrest without violence and was sentenced to 23.7 months imprisonment. The scoresheet used by the court contained a prior offense, which Appellant allegedly did not commit. Appellant did not learn that this offense appeared on his scoresheet until after the court pronounced his sentence. He subsequently filed a rule 3.850 motion, claiming that the court mistakenly calculated his guidelines sentence, and requested resentencing. Appellant further, claimed that he had no awareness of the scoresheet at the time of sentencing and that his counsel provided ineffective assistance by neither requesting the score-sheet nor reviewing it with him prior to his sentencing. And, as a result, he received a greater sentence than he would have received had his scoresheet not contained this incorrect prior conviction.
The trial court summarily denied his motion as legally insufficient because he did not allege (i) that he ever advised the court or his counsel of this error, (ii) that his guidelines scoresheet was misrepresented to him, or (iii) that he was denied the opportunity to review his scoresheet. The court reasoned that had Appellant advised his attorney, this error would have been corrected or preserved for appeal. Instead, Appellant sat silently in the face of error and thus waived his opportunity to challenge the scoresheet.
To state a sufficient claim of ineffective assistance under these circumstances, a defendant must allege that his attorney either knew or should have known that the prior record was incorrect. See Johnson v. State, 736 So.2d 40 (Fla. 1st DCA 1999). Because we believe that defense counsel has an obligation to request and review a sentencing scoresheet, see Montague v. State, 702 So.2d 237 (Fla. 2d DCA 1997) (holding appellant’s postcon-viction claim of ineffective assistance, based on trial counsel’s alleged failure to review victim injury points on sentencing scoresheet, was facially sufficient w'here movant alleged his sentence would have been less), we could, as the First District *1037 did in Johnson, affirm without prejudice to Appellant’s right to file in the trial court a timely, legally sufficient, motion seeking relief. However, we decline to do so.
The State claims that Appellant’s plea of nolo contendere was likely a negotiated plea, thus, rendering any error on his scoresheet harmless. See Hill v. State, 730 So.2d 322 (Fla. 1st DCA 1999) (stating any error on sentencing scoresheet is harmless when defendant’s sentences are a result of his negotiated plea agreement); Gibson v. State, 619 So.2d 31 (Fla. 4th DCA 1993) (affirming appellant’s sentence notwithstanding the trial court’s use of an incorrect and erroneously calculated sentencing guidelines scoresheet because the trial court sentenced appellant pursuant to a valid plea agreement). While such a negotiated plea agreement would normally require our affirmance, the record does not substantiate the State’s supposition that the trial court sentenced Appellant pursuant to a plea agreement and that Appellant understood the terms of this plea bargain at the time he entered into it. Given this uncertainty, remand is required so that the lower court may attach to its order portions of the record demonstrating that Appellant was sentenced pursuant to a plea agreement and hence is not entitled to relief on the grounds stated in his motion. See Flores v. State, 747 So.2d 485 (Fla. 1st DCA 2000). If the trial court is unable to provide the record attachments, the trial court is directed to enter an order permitting Appellant to refile a legally sufficient rule 3.850 motion for post-conviction relief within thirty days of its order.
Accordingly, we reverse and remand for further proceedings consistent with our opinion.
WARNER, C.J., STEVENSON and GROSS, JJ., concur.