PER CURIAM.
Dewayne Seals, the appellant, appeals the summary denial of his rule 3.800(a) motion. He alleges that the trial court miscalculated his prior record and erroneously added 40 points for victim injury. As the record clearly shows that the appellant’s prior record was properly calculated, we affirm the denial of the appellant’s first claim. Karchesky v. State, 591 So.2d 930 (Fla.1992), cited by appellant, is not applicable because of subsequent legislative amendments to provide for victim injury points in sex offenses, regardless of whether there is evidence of any physical injury. See Mitchell v. State, 635 So.2d 1073, 1074 (Fla. 1st DCA 1994); Howard v. State, 724 So.2d 599 (Fla. 2d DCA 1998).
As to the appellant’s second claim, the trial court did not attach portions of the record showing the degree of injury supporting an assessment of 40 points for *960 victim injury pursuant to Fla.R.Crim.P. 3.988(b)V. Subtracting the victim injury points from the appellant’s scoresheet results in a reduced sentencing range of one cell. Although the appellant’s total points would result on a one-cell reduced sentencing range, the recommended sentence would be the same as imposed and the imposed sentence would be within the new range. Based on the rational of Heggs v. State, 759 So.2d 620, 627 (Fla.2000), as explained by Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001), we affirm.
AFFIRMED.
BARFIELD, C.J., WOLF and POLSTON, JJ., concur.