STRINGER, Judge.
Daniel Byars challenges the order of the trial court denying his post-conviction motion. Although Byars filed his motion pursuant to Florida Rule of Criminal Procedure 3.850, the sole claim in his motion is that his sentence is illegal because he was sentenced under an unconstitutional version of the 1995 sentencing guidelines. Such a claim is properly raised pursuant to Florida Rule of Criminal Procedure 3.800(a). See Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000). This court has the authority to treat Byars’ motion as if it were filed pursuant to the appropriate rule. See Stewart v. State, 746 So.2d 593 (Fla. 2d DCA 1999).
In its order, the trial court gave no reasons for its denial of Byars’ claim. However, we affirm the order of the trial court because, in failing to allege that the sentence imposed was a departure under the 1994 sentencing guidelines, Byars failed to allege a facially sufficient claim. Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000). Our affirmance is without prejudice to any ability Byars might have to file a facially sufficient motion pursuant to rule 3.800(a). See Tidwell v. State, 790 So.2d 1184 (Fla. 2d DCA 2001).
Affirmed.
PARKER, A.C.J., and WHATLEY, J., Concur.