PLEUS, J.
The defendant appeals from his convictions, entered pursuant to a negotiated plea of no contest, for four counts of attempted capital sexual battery. He argues that the trial court erroneously adjudicated him guilty of life felonies rather than first degree felonies.
The State responds that the written judgments and sentences do not reflect that the defendant was convicted of life felonies and thus no error exists.
The record reflects that the defendant was charged with four counts of capital sexual battery. As part of a negotiated plea, the defendant agreed to plead to four counts of attempted capital sexual battery. During the plea colloquy, both the prosecutor and defense counsel agreed that attempted capital sexual battery was still a life felony. While the “life” designation was used to compute the guidelines score-sheet, it does not appear on the judgments or sentences. In accordance with the plea agreement, the defendant was sentenced to a downward departure of concurrent *493 terms of ten years imprisonment on each count, to be followed by 20 years of sexual offender probation.
The fact that the court and parties erroneously announced, at the plea hearing and during sentencing, that attempted capital sexual battery remained a life felony and even used the designation in preparation of the guidelines scoresheet, is not reversible error. It is the written judgments and sentences which control, and neither designate the offense as life felonies. Any error in a guidelines score-sheet is harmless when the defendant’s sentences are the product not of the score-sheet, but of a negotiated plea agreement. Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003); Hill v. State, 730 So.2d 322 (Fla. 1st DCA 1999). Any oral misstatements did not amount to harmful error under the circumstances of this case. Accordingly, the defendant’s judgments and sentences are affirmed. AFFIRMED.
SAWAYA and GRIFFIN, JJ., concur.