PER CURIAM.
Christopher Parson appeals a trial court order summarily denying his motion for post conviction relief, as amended. We affirm in part, and reverse and remand in' part. .
Parson pleaded guilty to two counts of DUI causing serious bodily injury and felony DUI causing injury in 2001, and was sentenced to concurrent terms of 10 years in prison. His sentences were corrected to 199.4 months in prison in 2002. ■ He filed a timely motion for post-conviction relief, alleging: (1) ineffective assistance of trial counsel for failure to move to suppress blood test results; (2) ineffective assistance of trial counsel for failure to investigate and advise Parson that certain prior convictions could not be used in his sentencing guidelines scoresheet and (3) ineffective assistance of counsel for advising Parson to plead to the charges. We affirm without discussion the trial court’s summary denial of- claims one and three, but reverse and remand the summary denial of claim two.
In that claim, Parson alleged' thát he had five prior Convictions ■ (four for DUI and one for DWI) obtained without counsel in circumstances 'in which he was entitled to counsel and that these convictions should not have been factored into his criminal punishment code scoresheet. He alleged that counsel failed-to investigate and advise him that these five prior convictions could not be used to enhance his sentence. He further alleged that he would not have pleaded guilty had he known thgt. these- five prior convictions could not have been scored..
The trial court erred in summarily denying this claim on the ground^ that.it should have been brought on direct appeal. It is a legally sufficient claim for relief under Florida Rule of Criminal Procedure 3.850. See Brye v. State, 677 So.2d 1357 (Fla. 1st DCA 1996). The scoresheet attached to the trial court’s order shows that 1.2 points were added for his prior record based in part. on five prior convictions for DUI, which he claimed were erroneously scored because they were uncounseled convictions.
Parson did not argue in his motion that his pleas to the charged offenses were invalid because the offenses-' themselves were enhanced based on uncounseled prior convictions. We deem the State’s discussion and distinction of State v. Beach, 592 So.2d 237 (Fla.1992) largely inapposite. Instead, Parson claimed ineffective assis-tancé of counsel for failure to investigate and advise him that points on his score-sheet should not have .been added, and that these points led to a greater sentence. We reverse the trial court’s summary denial of this - claim, and remand for either attachments .of portions of the record refuting it or an evidentiary -hearing on the claim. -
*1272 AFFIRMED in part; REVERSED in part; REMANDED with directions.
GUNTHER, FARMER and SHAHOOD, JJ., concur.