SHIVERS, Judge.
Appellant Madison was charged in June 1987 with felony DUI in violation of section 316.193(2)(b), Florida Statutes, which provides that “[a]ny person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree....” In November 1987, appellant filed a motion to dismiss pursuant to Fla.R. Crim.P. 3.190(c)(4), alleging that two of his three prior DUI convictions were uncoun-seled and, therefore, could not be considered in charging him with felony DUI. The trial court dismissed the felony charge, retained jurisdiction over the underlying misdemeanor DUI on the basis of this court’s decision in Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985), and held that the surviving misdemeanor would be assigned to a county judge.
We affirm the trial court’s retention of jurisdiction over the surviving misdemean- or. In Allen, this court held that the granting of a (c)(4) motion to dismiss a charge of felony petit theft under section 812.014(2)(c), Florida Statutes (1981), based solely on the invalidity of the prior convictions, did not divest the circuit court of jurisdiction to proceed to trial on the surviving misdemeanor petit theft.[1] We find this holding to be equally applicable to felony DUI prosecutions under section 316.-193(2)(b), Florida Statutes.
In affirming the circuit court’s retention of jurisdiction, however, we note that it is the function of the chief judge of each circuit court to assign other judges to temporary service in the same circuit. Rule of Judicial Administration 2.050(b)(4).
ZEHMER and BARFIELD, JJ., concur.

. In language similar to that used in section 316.193(2)(b), section 812.014(2)(c), Florida Statutes (1981) [now section 812.014(2)(d), Florida Statutes (1987)] provides that: ‘‘[u]pon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree...."