619 So.2d 498 (1993)
Robert Ronald REGISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00324.
District Court of Appeal of Florida, Second District.
June 11, 1993.
*499 PER CURIAM.
Robert Register appeals the summary denial of his motion for postconviction relief.[1] We affirm in part and reverse in part.
In 1991 Register was sentenced to state prison for driving under the influence of alcohol. The only colorable claim among several raised in Register's motion concerns the prior DUI convictions used to enhance the present offense to felony status. See § 316.193(2)(b), Fla. Stat. (1991). Register asserts that those convictions were uncounseled and therefore should not have been considered. The motion tracks the supreme court's holdings in State v. Beach, 592 So.2d 237 (Fla. 1992), and Hlad v. State, 585 So.2d 928 (Fla. 1991), and presents a prima facie case under the standards set forth in those decisions.
Hlad speaks of prior convictions which, because the defendant was denied the right to be represented by counsel, are "constitutionally invalid for enhancement purposes." 565 So.2d 762, 764 (Fla. 5th DCA 1990). That is, the defendant is not first required to move to vacate those convictions in the forum in which they were entered, though they may be voidable for constitutional infirmities. Because the initial burden of proof rests with the defendant, it would appear that this is the sort of issue that cannot be raised for the first time on appeal or in a motion to correct sentence. Cf. Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987) (contemporaneous objection required to preserve incorrect scoring of "prior record" on guideline scoresheet). However, the failure to preserve known guideline scoresheet errors can constitute ineffective assistance of counsel. Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985). The same reasoning would apply to the Hlad issue if an attorney knew or should have known it affected a client. At one point in his motion Register does contend that his trial attorney was ineffective. Given the leniency we must show pro se litigants, we find the motion sufficient on its face to warrant further inquiry.
The various other issues raised by Register are without merit and the circuit court properly denied relief as to those additional grounds. See particularly Gayman v. State, 616 So.2d 17 (Fla. 1993).
After remand the circuit court should re-examine the files and records in this case to determine whether anything therein conclusively *500 refutes Register's claim that counsel inexcusably ignored voidable prior DUI convictions. If so the court may again deny the motion, attaching to its order whatever documentation it has relied upon. Otherwise, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the circuit court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and THREADGILL and PATTERSON, JJ., concur.
NOTES
[1] Resolution of Register's appeal has been delayed by procedural entanglements, most of which are attributable to Register's piecemeal filing of postjudgment motions. Having finally compiled all of Register's various pleadings, the circuit court entered a written order ruling on all issues except the one discussed herein. As to this issue, the order states that it "will be addressed in a subsequent order." Having received no additional ruling, Register filed a pleading labelled "motion for ruling on defendant's motion for postconviction relief." The circuit court denied this motion by rubber-stamp order. We interpret this ruling as disposing of the one claim left unresolved by the previous order.