633 So.2d 1091 (1993)
Kenneth Darwell HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-827.
District Court of Appeal of Florida, First District.
September 30, 1993.
Kenneth Darwell Hodges, pro se.
No appearance for appellee.
PER CURIAM.
Kenneth Hodges appeals a final order denying his rule 3.850 motion for post-conviction relief. The motion alleges two grounds for relief: (1) that his convictions and habitual felony offender sentences imposed pursuant to the jury verdict rendered in a trial held after the circuit court had vacated his nolo contendere pleas and related nonhabitual felony offender sentences, twice place him in jeopardy for the same offenses in violation of the double jeopardy clauses of the federal and Florida constitutions; and (2) that his habitual felony offender sentences are illegal because they violate the single subject rule of the Florida Constitution.
We affirm as to the second ground for relief challenging the constitutionality of the habitual felony offender statute. Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), approved, 616 So.2d 1 (Fla. 1993). However, we reverse as to the first ground for relief. In denying relief on this ground, the circuit court found that "it is obvious the trial court vacated the first plea and sentence upon defendant's pro se motion ... which indicated that he had a misunderstanding with his prior attorney ...," that the trial court complied with all procedural safeguards in accepting Hodges's plea, and that the trial court apparently gave Hodges the benefit of the doubt in granting the motion to withdraw the plea. But, the circuit court failed to attach to its order denying the post-conviction motion a copy of the files and records that conclusively show that Hodges is entitled to no relief, as required by rule 3.850. Fla.R.Crim.P. 3.850(d). Therefore, we remand this cause with directions to attach those portion of the files and records conclusively showing that Hodges is entitled to no relief on this ground or, if the record does not conclusively contradict those allegations, to conduct an evidentiary hearing on this issue. Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., and SMITH and KAHN, JJ., concur.