ORDER AFTER REMAND
PER CURIAM.
After remand, pursuant to this court’s decision to reverse in part the trial court’s order that denied Appellant’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, the trial court has submitted to this court “copies of the file and record” in support of its previous order. For the reasons explained below, we decline to accept these records.
As noted, Appellant filed a motion for posh conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court entered an order denying that motion. Appellant appealed. This court affirmed in part, reversed in part, and remanded the matter to the trial court “with directions to attach those portions of the files and records conclusively showing that Hodges is entitled to no relief on this ground or, if the record does not conclusively contradict those allegations, to conduct an evidentiary hearing on this issue.” Hodges v. State, 633 So.2d 1091 (Fla. 1st DCA 1993). While affirming the denial of the motion on one ground alleged in the motion, our decision recognized the facial validity of the other ground alleged and required the trial court either to identify and attach those portions of the record that conclusively support its decision that Hodges is entitled to no relief on that ground, or to hold an evidentiary hearing before ruling on it.
Apparently in response to that decision, the trial court submitted a document to this court entitled “Trial Court’s Filing of Records in Support of Order Dated March 3, 1993, Denying Appellant’s Motion for Post Conviction Relief.” We appreciate the trial court’s efforts to expeditiously resolve this matter at the appellate level. However, the procedure used is incorrect. Once this court has reversed the order on appeal and remanded the case to the trial court, the trial court is required to reconsider the case and enter a new order either granting or denying the request for relief. If the order denies relief on the basis that the files and records conclusively show that Appellant is entitled to no relief, then those portions of the files and records relied on by the court in making this ruling should be identified in and attached to the order, as required by rule *1093 3.850.[1] Of course, irrelevant or extraneous portions of the record not necessary to support the court’s decision should not be attached. This process facilitates expeditious review on appeal without the formalities required on the usual appeal. Once the new order is entered, then Appellant can decide whether there is any basis for initiating a new appeal to again bring that order before this court for review.
The clerk is directed to return the documents submitted to the trial court. The trial court should then proceed in accordance with this order.
ZEHMER, C.J., and SMITH and KAHN, JJ., concur.

. Identification in the order of the portions of the record relied on in ruling on the motion assists the trial court clerk in sending the relevant portions of the record to this court if the order is appealed. Without such identification in the order, all too often this court does not receive the materials relied on by the trial court.