PER CURIAM.
Appellant seeks review of an order again denying his motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, following reversal of portions of an earlier order denying relief and remand for further proceedings. We again reverse and remand for further proceedings.
In Long v. State, 678 So.2d 925 (Fla. 1st DCA 1996), we reversed the trial court’s denial of claims that appellant’s plea was involuntary because he “was under medication at the time of the plea and/or ... his mental condition rendered him unable to comprehend the nature and consequences of his plea” (id. at 927); that “his conviction was obtained in violation of the double jeopardy principles in that he was convicted of two counts of sexual battery arising from one criminal episode” (id.); and that there was no evidence sufficient to support the scoring of victim injury points. We noted in that opinion that, while the order denying relief referred to portions of the record, the portions of the record actually attached to the order did not conclusively establish that appellant was entitled to no relief on those claims. See Hoffman v. State, 571 So.2d 449 (Fla.1990) (requiring that portions of record conclusively establishing no entitlement to relief be attached to order denying relief); Loomis v. State, 691 So.2d 34 (Fla. 2d DCA *410 1997) (same). Accordingly, we remanded with directions that the trial court again consider those claims and, if it again determined that denial without a hearing was appropriate, that it attach to its order those portions of the record conclusively establishing that appellant was entitled to no relief. See Hodges v. State, 633 So.2d 1092 (Fla. 1st DCA 1994) (upon remand of ease seeking postconviction relief following reversal, trial court is to consider case anew, and to enter new order).
Following remand, the trial court again denied relief without a hearing; and again failed to attach to its order denying relief those portions of the record which conclusively establish that appellant is entitled to no relief. Accordingly, we are constrained again to reverse; and again to remand with directions that the trial court consider appellant’s claims anew and, if it denies relief without a hearing, that it attach to its order those portions of the record which conclusively establish that appellant is entitled to no relief.
REVERSED and REMANDED, with directions.
MINER, ALLEN and WEBSTER, JJ., concur.