710 So.2d 116 (1998)
Alan DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00309.
District Court of Appeal of Florida, Second District.
April 15, 1998.
PER CURIAM.
Appellant, Alan Davis, challenges the trial court's order denying his motion for postconviction *117 relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, the trial court's denial of two of appellant's claims. We reverse and remand for further proceedings on Davis's allegation that trial counsel was ineffective for failing to challenge the State's use of a prior uncounseled DUI conviction to enhance his present DUI conviction from a misdemeanor to a felony.
A prior uncounseled misdemeanor DUI conviction may not be used to enhance a present DUI offense to a felony where the defendant had a right to counsel in the prior proceeding. See State v. Beach, 592 So.2d 237 (Fla.1992); Hlad v. State, 585 So.2d 928 (Fla.1991). The defendant must first assert under oath that the prior offense was punishable by more than six months' imprisonment or that imprisonment was actually imposed; that he was indigent at the time of the prior offense and, therefore, entitled to court-appointed counsel; and that counsel was not appointed nor was the right to counsel waived. Once the defendant so asserts, the burden shifts to the State to show that counsel was provided or the right to counsel was validly waived. See Beach, 592 So.2d at 239.
Appellant claims, in his sworn motion, that his third DUI conviction was uncounseled and also correctly asserts that it was punishable by up to a year in jail. See § 316.193(2)(a)2c, Fla. Stat. (1993). The attachments to appellant's motion show that he received a suspended sentence of 364 days in jail. Appellant also asserts that he was indigent, entitled to court-appointed counsel, and that he did not waive his right to courtappointed counsel. Appellant alleges that, had trial counsel properly investigated the circumstance surrounding his third DUI conviction, he would have discovered that it was invalid for enhancement purposes. This claim of ineffectiveness of counsel is cognizable in a 3.850 motion where the attorney knew or should have known that the prior conviction was uncounseled. See Register v. State, 619 So.2d 498 (Fla. 2d DCA 1993). We conclude that defense counsel has an obligation to at least ask a client charged with a felony DUI whether his prior qualifying DUI convictions were counseled. If the client claims that they were uncounseled, defense counsel has a duty to determine whether they can be properly used to enhance the client's present DUI charge under the test outlined in Beach.
The trial court denied appellant's claim of ineffectiveness, finding that appellant failed to establish that, but for counsel's inaction, he would not have pleaded. The trial court erred in summarily denying appellant's claim on this basis. On remand, if the trial court again summarily denies the claim, it must attach those portions of the record which conclusively refute it. See Register, 619 So.2d at 499, 500. Otherwise an evidentiary hearing will be necessary. See Register, 619 So.2d at 500. Appellant's motion seeks to have his judgment and sentence vacated. Should the trial court eventually grant appellant's motion, it may retain jurisdiction over any resulting misdemeanor DUI conviction. See Madison v. State, 540 So.2d 189 (Fla. 1st DCA 1989); Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985).
Affirmed in part, reversed, and remanded.
FRANK, A.C.J., and ALTENBERND and BLUE, JJ., concur.