BARFIELD, Chief Judge.
On June 4,1991, the appellant was convicted of sale of cocaine, sale of cocaine within 1000 feet of a school, and attempted sale of cocaine. He was adjudicated an habitual felony offender and was sentenced to concurrent terms of thirty years, life, and ten years, respectively. This court affirmed that judgment and sentence, mandate issuing on September 17,1992.
On October 29, 1992, the appellant filed in the trial court a sworn motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, asserting first, that he was twice placed in jeopardy when the trial court vacated his legal conviction pursuant to a plea agreement and increased his sentence after he was convicted by a jury, and second, that his sentences were illegal because the 1989 amendments to section 775.084, Florida Statutes, violated the Florida Constitution’s single subject rule. Judge Taylor’s summary denial of this motion on March 3, 1993, was appealed, and on September 30, 1993, this court issued an opinion in DCA case number 93-827 which affirmed the denial of the motion as to the second ground, but reversed the denial of the motion as to the first ground and remanded for further proceedings, observing:
In denying relief on this ground, the circuit court found that “it is obvious the trial court vacated the first plea and sentence upon defendant’s pro se motion ... which indicated that he had a misunderstanding with his prior attorney ...,” that the trial court complied with all procedural safeguards in accepting Hodges’s plea, and that the trial court apparently gave Hodges the benefit of the doubt in granting the motion to withdraw the plea. But, the circuit court failed to attach to its order denying the post-conviction motion a copy of the files and records that conclusively show that Hodges is entitled to no relief, as required by rule 3.850. Fla.R.Crim.P. 3.850(d).
Hodges v. State, 633 So.2d 1091 (Fla. 1st DCA 1993). On March 2, 1994, this court issued an “Order After Remand” which declined to accept the trial court’s submission *621 of “copies of the file and record” in support of its previous order, explaining:
We appreciate the trial court’s efforts to expeditiously resolve this matter at the appellate level. However, the procedure used is incorrect. Once this court has reversed the order on appeal and remanded the case to the trial court, the trial court is required to reconsider the case and enter a new order either granting or denying the request for relief. If the order denies relief on the basis that the files and records conclusively show that Appellant is entitled to no relief, then those portions of the files and records relied on by the court in making this ruling should be identified in and attached to the order, as required by rule 3.850.
Hodges v. State, 633 So.2d 1092 (Fla. 1st DCA 1994). Mandate issued in DCA ease number 93-827 on April 15, 1994.
On July 20, 1994, Judge Dealing denied the original 3.850 motion and attached portions of the record showing that the plea had been withdrawn at the appellant’s request. That order was affirmed in DCA ease number 94-2650, Hodges v. State, 659 So.2d 275 (Fla. 1st DCA 1995). The appellant’s motion for rehearing was denied on August 30,1995, but apparently due to an oversight, mandate did not issue in DCA case number 94-2650.[1]
On August 25, 1997, Judge Dealing entered an order entitled “Second Order Denying Defendant’s First Motion for Post-Conviction Relief, and Defendant’s ‘Notice of Expiration of Speedy Trial Error’” which referenced this court’s opinion and order in DCA case number 93-827, then stated:
Apparently as a result of a change in judges in this division, the second order and mandate were accidentally filed in the court file without any action taken on them, until the defendant’s instant “Notice Of Expiration Of Speedy Trial Error,” brought the Mandate to this Court’s attention.
The order made no mention of Judge Dear-ing’s July 20, 1994, order or the appeal in DCA case number 94-2650. It addressed only the second ground of the post-conviction motion (denial of which this court had affirmed in case number 93-827).
Because Judge Dearing had already entered an order on remand regarding the appellant’s 3.850 motion and that order was technically pending on appeal because mandate had not issued from this court, notwithstanding that the order had been affirmed and the motion for rehearing had been denied, the order of August 25, 1997, was entered in the absence of the trial court’s jurisdiction and is therefore QUASHED. See Hall v. State, 697 So.2d 237 (Fla. 5th DCA 1997).
WOLF and LAWRENCE, JJ., concur.

. When this fact came to this Court’s attention during processing of the instant appeal, mandate issued in DCA case number 94-2650 on January 22, 1998.