784 So.2d 1168 (2001)
Larry BAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-384.
District Court of Appeal of Florida, Second District.
March 28, 2001.
*1169 PER CURIAM.
Larry Bain appeals the trial court's order denying his motion for additional jail time credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
In March 1989 Bain pleaded guilty to one count of DUI manslaughter in exchange for a sentence of three years in prison to be followed by ten years' probation. Because of gain time and pretrial jail credits, Bain was released from prison in September 1989. In November 1993 after a violation of probation, Bain was sentenced a second time on the same charge to five years' probation. Following a guilty plea to yet another charge of violation of probation in July 1998, Bain was sentenced a third time to twelve years in prison with credit for all time previously served in prison and seventy-nine days' credit for presentence jail time.
In his motion for additional jail credit, Bain argued that he was entitled to an additional 214 days' jail credit because he had been in custody on a new DUI charge in Duval County from December 21, 1997, until July 22, 1998, while he was on probation in Hillsborough County. Bain's motion alleges that the Duval County charge "was attributable to the violation of probation in Hillsborough County...." Bain's motion also alleges that on March 11, 1998, while he was serving his sentence in Duval County, Hillsborough County placed a detainer[1] against him for a warrant for violation of probation. Bain was ultimately returned to Hillsborough County on its warrant on May 28, 1998.
The trial court denied Bain's motion, finding that Bain was not entitled to any jail credit for his time served in Duval County because he was not in jail in Duval County based on Hillsborough County charges. The trial court attached copies of the court records from Hillsborough County that it had reviewed. The trial court *1170 did not attach copies of any documents concerning Bain's jail time in Duval County. This appeal followed.
We reverse the trial court's order and remand this case for further proceedings for two reasons. First, the attachments to the trial court's order do not allow us to determine whether Bain was properly awarded jail credit because the attachments do not include any records documenting Bain's jail time in Duval County. The attachments do not refute Bain's claim that he was held in Duval County at least in part on the Hillsborough County charges.
Second, this court recently held that prisoners are entitled to jail credit from the date a detainer is placed against them rather than from the date of arrest. Bryant v. State, 26 Fla. L. Weekly D693, ___ So.2d ___, 2001 WL 219857 (Fla. 2d DCA Mar. 7, 2001) (en banc). If Bain's allegations concerning the date of the Hillsborough County detainer are correct, he may be entitled to additional jail credit.
Upon remand, Bain must furnish the trial court with any Duval County jail documents he wishes the trial court to consider.[2] If the trial court again denies Bain relief, it must attach those portions of the record that correspond with all dates for which Bain claims he should receive jail credit, including any time spent in Duval County under any Hillsborough County detainers that may have been filed.
Reversed and remanded.
PARKER, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." Bogue v. Fennelly, 705 So.2d 575, 577 (Fla. 4th DCA 1997) (quoting Fex v. Michigan, 507 U.S. 43, 44, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993)).
[2] We caution any prisoner seeking credit for jail time based upon a detainer placed against him that it is the prisoner's obligation to furnish the documents establishing that a detainer was in fact placed against him.