PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings on the appellant’s allegation that trial counsel was ineffective for failure to investigate and to discover that his first DUI conviction was uncounseled, and thus, the first conviction was invalid for enhancing his fourth DUI to a third-degree felony.
Section 316.193(2)(b), Florida Statutes (1997), provides that a defendant should be charged with a third-degree felony for a DUI if he has three prior DUI convictions. However, a prior conviction is invalid for purposes of enhancement if the conviction was uncounseled and the defendant was entitled to counsel in the prior proceedings. See State v. Beach, 592 So.2d 237 (Fla.1992). A defendant is entitled to counsel for any “nonpetty criminal offense, that is, one .punishable by more than six months’ imprisonment, ... or whenever the defendant is convicted of an offense and is actually subjected to a term of imprisonment.” Id. at 237. The appellant alleges under oath that he received a term of imprisonment for his first DUI, that he was indigent at the time of the first conviction, and that he did not receive counsel or waive his right to counsel. The appellant’s motion tracks the supreme court’s holding in Beach and the holding in Davis v. State, 710 So.2d 116 (Fla. 2d DCA *511 1998). In the instant case, as in Davis, the appellant alleges that if trial counsel had properly investigated the prior DUI conviction, counsel would have discovered that it was invalid for enhancement purposes. The appellant alleges that if he had known that the prior uncounseled DUI conviction could not be used to enhance the current DUI, he would not have pled to receive five years’ imprisonment.
This case is remanded with instructions for the trial court to attach those portions of the record which conclusively refute appellant’s claim for relief or for the trial court to conduct an evidentiary hearing. See Davis v. State, 710 So.2d 116 (Fla. 2d DCA 1998).
REVERSED and REMANDED, with instructions.
ALLEN, C.J., WOLF, J., concur; WEBSTER, J., concurs in result only.