KELLY, Judge.
Carlos Montanalima appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Montanalima was sentenced in Pinellas County after violating community control. The trial court did not give Montanalima credit for time he had served in jail and in state prison on charges originating in Hillsborough County. In his 3.800(a) motion, Montanalima contends he was entitled to credit for that time because Pinel-las County had placed a detainer against him while he was incarcerated on the Hillsborough County charges.
Montanalima attached a document to his motion which is purportedly from the Hillsborough County Sheriffs Office. He asserts that it shows he was being detained on the Pinellas County charges while he was in jail on the Hillsborough County charges. Our review of the document reveals that it does not establish that Pinellas County in fact placed a detainer against him. Accordingly, Montanalima’s motion is facially insufficient. We therefore affirm the summary denial of his motion but do so without prejudice to any *1036 right he may have to raise his claim in a rule 3.800(a) motion that meets the requirements of Bain v. State, 784 So.2d 1168 (Fla. 2d DCA 2001), or, if this claim cannot be resolved from the face of the record, in a timely and facially sufficient sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] See Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002).
Affirmed.
FULMER and SILBERMAN, JJ., Concur.

. We note that the motion at issue in this case is Montanalima's second rule 3.800(a) motion seeking additional credit for time served in Hillsborough County and in state prison. The trial court denied the first motion on its merits. As a result, when Montanalima filed this motion, the trial court denied it as successive. Montanalima’s first motion was facially insufficient, however, and should not have been considered on the merits. Because both motions Montanalima filed were facially insufficient, any 3.800(a) motion he files as a result of this appeal is not successive.