PER CURIAM.
The appellant appeals the summary denial of his rule 3.850 motion for postconviction relief upon remand by this Court. See Riggins v. State, 789 So.2d 509 (Fla. 1st DCA 2001). The appellant pled guilty to, and was convicted of, felony DUI, which requires proof of three previous DUI convictions. See § 316.193(2)(b), Fla. Stat. (1997). The appellant claimed that he received ineffective assistance of counsel when his counsel failed to investigate the fact that the first one of his three prior DUI convictions was uncounseled, which resulted in prejudice where his fourth DUI was enhanced to a felony based upon the prior convictions, and but for the error the appellant would not have pled guilty. The trial court summarily denied the appellant’s claim. On appeal this Court determined that the appellant’s claim was facially sufficient pursuant to State v. Beach, 592 So.2d 237 (Fla.1992), and Davis v. State, 710 So.2d 116 (Fla. 2d DCA 1998), and remanded the case for attachment of those portions of the record that conclusively refuted the appellant’s claim, or for an evidentiary hearing. Riggins, 789 So.2d at 510-11.
On remand, the trial court summarily denied the appellant’s claim, finding that the appellant had in fact been previously convicted of four previous DUIs, and that therefore he suffered no prejudice where he had three valid DUI convictions. In support of this determination, the trial court attached a copy of the appellant’s driving record from the Department of Highway Safety and Motor Vehicles. Because the trial court’s attachment was not a part of the trial court records and because it does not conclusively refute the appellant’s claim, we reverse and remand.
The attachment of the appellant’s driving record was inappropriate because the appellant’s driving record was not part of the court record and in any event does not conclusively refute the appellant’s claim. Legally sufficient rule 3.850 motions can only be denied. without an evidentiary hearing through the attachment of “a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief.” Fla. R.Crim. P. 3.850(d) (2002). See Meeks v. State, 382 So.2d 673, 676 (Fla.1980); Long v. State, 701 So.2d 409, 410 (Fla. 1st DCA 1997). The appellant’s driving record was extraneous evidence, and because it was not part of the court record it cannot be used to deny the appellant’s claim without an evidentiary hearing.
Moreover, the appellant’s driving record does not conclusively establish that the appellant has four previous DUI convictions. At most, the driving record indicates that the appellant has three previous DUI convictions. Therefore, it does not support the trial court’s assertion that the appellant had three valid DUIs after his first DUI, which he claims was uncoun-seled, is eliminated.
Because the appellant’s driving record is legally insufficient to establish the requisite prior convictions, the trial court’s summary denial of the appellant’s claim must be reversed and remanded for the trial court to attach those portions of the record *722 which conclusively refute the appellant’s claim, or for an evidentiary hearing.
REVERSED and REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.