855 So.2d 1257 (2003)
TENET HEALTHSYSTEM HOSPITALS, INC., d/b/a Delray Medical Center, Petitioners,
v.
Gisela TAITEL and Michael Taitel, her husband, Respondents.
No. 4D03-1790.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
Louise H. McMurray and James C. Sawran of McIntosh, Sawran, Peltz, Cartaya & Petruccelli, P.A., Miami, for petitioners.
Sally Alyce Gross of Needle, Gallagher & Ellenberg, P.A., Miami, for respondents.
KLEIN, J.
Petitioner hospital is a defendant in a medical malpractice case seeking certiorari *1258 review of an order compelling production of a blank hospital form used for testing the competency of nurses. We grant the petition because the test is protected by the statutory peer review privilege.
The claim of malpractice includes negligence in administering sedation and analgesia, and the trial court ordered production of the hospital's forms used for testing and evaluating the competency of nurses in regard to sedation and analgesia. These forms were created by a hospital committee for the purpose of quality assurance and peer review. The hospital objected on the ground that these forms are privileged under section 766.101(5), Florida Statutes (2002). Cruger v. Love, 599 So.2d 111 (Fla.1992) (documents created or considered by hospital peer review and credentialing committees are privileged).
Plaintiffs do not dispute the fact that if these test forms had been filled out they would be privileged, but argue that because they are blank they contain no peer review information. Plaintiffs seek these forms in order to see what the hospital deemed important in testing the competency of nurses and to have experts review the hospital's testing procedures. Whether the blank forms constitute "the investigations, proceedings, and records" of a medical review committee under section 766.101(5), is a question of first impression.
Florida courts have construed the statutory privilege broadly in order to protect the integrity of the peer review process. Bayfront Med. Ctr., Inc. v. Agency for Healthcare Admin., 741 So.2d 1226 (Fla. 2d DCA 1999) and cases cited. This is apparent from Cruger in which our supreme court cited Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989) for the proposition that courts are obligated to carry out legislative intent and policy even where doing so exceeds the literal language of the statute.
The hospital argues that these forms are the hospital's method for engaging in peer review, and that the process of evaluation should be just as confidential as the answers given to the questions asked. On the other hand, plaintiffs argue that these forms could provide information which is relevant to their claim. In Cruger, our supreme court stated:
The statutes do not define what constitutes records of a committee or board. Therefore, we must look to the legislative intent and policy behind the statutes to determine the extent of the privilege.... We have previously held that "[t]he discovery privilege ... was clearly designed to provide that degree of confidentiality necessary for the full, frank medical peer evaluation which the legislature sought to encourage." Holly v. Auld, 450 So.2d [217] at 220 [(Fla. 1984)]. Without the privilege, information necessary to the peer review process could not be obtained. Feldman v. Glucroft, 522 So.2d 798, 801 (Fla.1988). While we recognized in Holly that the discovery privilege would impinge upon the rights of litigants to obtain information helpful or even essential to their cases, we assumed that the legislature balanced that against the benefits offered by effective self-policing by the medical community. [emphasis added.]
Cruger, 599 So.2d at 113-14.
In light of the emphasized language in Cruger, we conclude that, interpreting the statute broadly, "investigations, proceedings, and records" includes the blank test forms which this hospital uses to engage in peer review and evaluation of these nurses. We accordingly grant the petition.
GUNTHER and STEVENSON, JJ., concur.