876 So.2d 655 (2004)
Christopher M. HANNAH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5427.
District Court of Appeal of Florida, Second District.
June 18, 2004.
SILBERMAN, Judge.
Christopher M. Hannah challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Hannah raised nine grounds for relief. We affirm without comment as to seven of the grounds and reverse as to two of them.
*656 In ground one, Hannah asserted that he is entitled to an additional nineteen days of jail credit because he never received credit for time spent in a juvenile detention center before he was transferred to the Polk County Jail. He alleged that he was arrested on December 28, 1992, and housed at the detention center through January 15, 1993. He also alleged that on January 16, 1993, he was transferred to the jail. Hannah asserted that the jail and detention center records demonstrate his entitlement to relief. Additionally, he attached a capias that indicates an offense date of December 28, 1992, shows that the case was "direct information filed (juvenile)" and, under "comments," notes "c/o juv dent center." The capias was executed on January 15, 1993.
The trial court, citing to Bain v. State, 784 So.2d 1168 (Fla. 2d DCA 2001), dismissed this claim without prejudice to Hannah filing a properly supported motion. The trial court stated that Hannah failed to provide and the record did not contain any documentation to support the claim. This court has previously stated that time spent in a juvenile facility is credited like time spent in county jail. See Smith v. State, 664 So.2d 1076 (Fla. 2d DCA 1995). Because the motion and capias presented a facially sufficient claim for relief, the trial court should have addressed the merits of the claim. See Whitt v. State, 807 So.2d 788 (Fla. 2d DCA 2002); Smith, 664 So.2d at 1076. Accordingly, we reverse the denial of this claim and remand for consideration on the merits.
In ground eight, Hannah alleged that he was improperly sentenced because certain of the convictions shown on his original scoresheet were uncounseled and should not have been considered. The trial court dismissed this claim without prejudice to Hannah filing a properly supported motion to correct illegal sentence.
In Register v. State, 619 So.2d 498, 499 (Fla. 2d DCA 1993), we stated that an issue concerning the scoring of prior convictions that "may be voidable for constitutional infirmities" cannot be raised for the first time on appeal or in a motion to correct illegal sentence; however, the issue could constitute ineffective assistance of counsel. As in Register, we conclude that Hannah's motion is sufficient to warrant further inquiry by the trial court as to whether counsel at the 2002 violation of probation proceedings "inexcusably ignored" voidable prior convictions. Id. at 500. Accordingly, we reverse the dismissal of ground eight and remand for the trial court to examine the files and records in this case to determine whether anything conclusively refutes Hannah's claim. If so, the trial court may again deny the motion, attaching to its order any documentation it has relied upon. Otherwise, an evidentiary hearing may be necessary to resolve this claim.
Finally we note, as did the trial court, that a portion of ground nine of Hannah's motion appears to be missing. In its order, the trial court stated the following, "Regarding claim nine Defendant shall file a new Motion for Postconviction Relief regarding newly discovered evidence pursuant to Rule 3.850, Fla. R.Crim. P." We can only assume that the trial court made this ruling because it could not resolve the incomplete claim. We affirm the trial court's disposition as to ground nine without prejudice to Hannah filing a timely, facially sufficient motion on this claim.
Affirmed in part, reversed in part, and remanded with instructions.
DAVIS and CANADY, JJ., Concur.