PER CURIAM.
 

 Appellant filed a postconviction motion alleging that counsel was ineffective in failing to advise him that his prior uncounseled DUI convictions could not be used to enhance his fourth DUI offense to a felony.
 
 See State v. Kelly,
 
 946 So.2d 1152 (Fla. 4th DCA),
 
 rev. granted,
 
 949 So.2d 199 (Fla.2007). Appellant did not state a sufficient claim for postconviction relief because he did not sufficiently allege that he was entitled to, and deprived of, appointed counsel in the prior cases.
 
 Davis v. State,
 
 710 So.2d 116, 117 (Fla. 2d DCA 1998). Appellant must assert under oath that “the prior offense was punishable by more than six months’ imprisonment or that imprisonment was actually imposed; that he was indigent at the time of the prior offense and, therefore, entitled to court-appointed counsel; and that counsel was not appointed nor was the right to counsel waived.”
 
 Id.
 
 at 117.
 

 Further, appellant did not allege that but for counsel’s allegedly deficient performance he would not have entered the plea and would have insisted on going to trial.
 
 Grosvenor v. State,
 
 874 So.2d 1176, 1181-82 (Fla.2004).
 

 We affirm without prejudice for appellant to file an amended motion which states a facially sufficient claim, if he can do so, within thirty days of the issuance of the mandate in this case.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 

 Appellant’s motion also alleged that his sentence on count two, for driving while license permanently revoked, was illegal because the Department of Highway Safety and Motor Vehicles had improperly revoked his driving privileges based on a 1997 DUI offense. He alleges that, be
 
 *1253
 
 cause the 1997 offense involved an unmo-torized bicycle, and not a motor vehicle, permanent license revocation was inappropriate. The motion does not establish that the conviction or sentence on this count is illegal.
 

 Assuming for the sake of argument that appellant’s license should not have been revoked following the conviction in the 1997 case, appellant should have challenged the revocation and had his license reinstated before getting behind the wheel. He should not have been driving in August 2004 while his license remained revoked.
 
 Sorrell v. State,
 
 855 So.2d 1258, 1255 n. 4 (Fla. 4th DCA 2003) (explaining that “the proper remedy for a person who feels that his or her license was improperly revoked is to have the record corrected ‘not to ignore the revocation and continue to drive’ ”) (citation omitted).
 

 Appellant committed the offense by driving with knowledge that his license had been revoked. § 322.341, Fla. Stat. (2004).
 
 See Rodgers v. State,
 
 804 So.2d 480, 483 (Fla. 4th DCA 2001). The allegedly improper revocation was not a defense to the charge.
 
 See also Blandin v. State,
 
 976 So.2d 1201 (Fla. 2d DCA 2008) (finding that counsel was not deficient in permitting defendant to enter a plea to driving while license revoked where the period of revocation had expired but license had not been reinstated at time defendant was driving). We affirm the trial court’s summary denial of this claim.
 

 GROSS, C.J., POLEN and STEVENSON, JJ., concur.