CRENSHAW, Judge.
Ronald Woodbury appeals his conviction for misdemeanor driving under the influence (DUI), arguing that the circuit court did not have subject matter jurisdiction because it previously dismissed the felony DUI. He also argues that the misdemean- or charge was a nullity because the State filed it after the time for speedy trial expired. We affirm Woodbury’s conviction but write to explain why his arguments fail on appeal.
On December 29, 2010, Woodbury was arrested for DUI. On March 1, 2011, an information was filed charging Woodbury with felony DUI based on two prior DUI convictions. See § 316.193(2)(b)(l), Fla. Stat. (2010). On March 28, 2011, Wood-bury filed a motion to dismiss the felony, arguing that an uncounseled misdemeanor conviction cannot be used to enhance a subsequent crime to a felony. The State did not contest the motion, and the trial court granted the motion at a hearing, making the following ruling:
When defense counsel pointed out that the case remained on the trial court’s docket, the trial court stated,
[W]ith no objection from the State and conceding to the motion, I’ll grant the motion to dismiss the felony count. Obviously, I’m not making any other rulings which would affect your ability to refile this as a misdemeanor DUI or otherwise pursue prosecution as a misdemeanor. I’m also not addressing fee, trial, or anything of that nature.
Let’s just leave it on the trial docket. If anybody needs to set anything, they can.' I don’t know if, really, they can’t keep it in circuit court if they amend the information to a misdemeanor. I think they might be able to, but I don’t know.
[[Image here]]
I’m just going to leave this on the trial docket, and if it has been certed down and it’s some other court, then obviously, we’ll take no action on the trial date.
The trial court’s written order dismissing the felony DUI was entered on May 20, 2011. That same day, the State filed an information in county court, charging Woodbury with DUI. Woodbury subsequently filed a motion in the circuit court to discharge the misdemeanor on speedy trial grounds pursuant to Florida Rule of Criminal Procedure 3.191(a).[1] After a hearing, the circuit court entered its order denying the motion for discharge and concluding that “[t]his court retains jurisdiction over the misdemeanor DUI charge which survived the dismissal of the felony DUI charge and it is a lesser[-]ineluded offense still pending before this court.”
A jury trial was held in the circuit court. Woodbury was found guilty of misdemean- or DUI, and he was sentenced to two hundred days in Pinellas County Jail. This appeal timely followed.
Woodbury first argues that the trial court did not have subject matter jurisdiction over the misdemeanor DUI once it dismissed the felony DUI. We disagree, and we conclude that the circuit court properly maintained jurisdiction of the lesser-included misdemeanor offense. Section 26.012(2)(d), Florida Statutes *19 (2010), gives the circuit court exclusive original jurisdiction of “all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.” In Allen v. State, the First District held that the granting of a motion to dismiss a charge of felony petit theft based on the invalidity of prior convictions “does not divest the circuit court of jurisdiction to proceed through trial on the surviving misdemeanor petit theft.” 463 So.2d 351, 361 (Fla. 1st DCA 1985). The First District extended this holding, finding it “equally applicable to felony DUI prosecutions under section 316.193(2)(b).” Madison v. State, 540 So.2d 189, 190 (Fla. 1st DCA 1989). We similarly conclude here that the circuit court maintained jurisdiction over the lesser-included misdemeanor DUI when it granted Woodbury’s motion to dismiss the felony DUI. The words spoken by the trial court at the hearing and the State’s filing of an information in county court were not sufficient to divest the circuit court of jurisdiction. At best, the circuit and county courts had concurrent jurisdiction over the misdemeanor DUI when the State filed the information in county court, but the circuit court had not divested itself of jurisdiction.
Woodbury also contends that the misdemeanor DUI charge was a nullity because the State filed the information after the time for speedy trial had expired. See Fla. R. Crim. P. 3.191(a) (providing that “every person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor”). However, rule 3.191(f) provides, “[wjhen a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.” And because we have concluded here that the circuit court maintained jurisdiction over the lesser-included misdemeanor DUI, we also conclude that the felony speedy trial time period governs. See Fla. R. Crim. P. 3.191(a) (providing that “every person charged with a crime shall be brought to trial within ... 175 days of arrest if the crime charged is a felony”). Notably, Woodbury’s motion to dismiss the felony charge was filed eighty-nine days after Woodbury’s arrest — just one day before the ninety-day expiration of speedy trial for a misdemeanor under rule 3.191(a). Based on these circumstances, we are compelled to reiterate that “[t]he purpose of the speedy trial rule is to assure a speedy trial, not a speedy discharge.” State v. Thomas, 659 So.2d 1322, 1324 (Fla. 3d DCA 1995) (Cope, J., specially concurring); see also State v. Belien, 379 So.2d 446, 447 (Fla. 3d DCA 1980) (stating that “ ‘gotcha!’ maneuvers will not be permitted to succeed in criminal, any more than in civil litigation”).
Based on the foregoing reasons, we affirm Woodbury’s misdemeanor conviction for DUI.
LaROSE and MORRIS, JJ., Concur.

. The motion alleged that Woodbury was not brought to trial within the speedy trial time of ninety days and the State was not entitled to a recapture period.