NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )        Case No. 2D13-2421
                                     )
GARY SALTER,                         )
                                     )
            Appellee.                )
                                     )
_____)

Opinion filed July 23, 2014.

Appeal from the Circuit Court for Pinellas
County; Thane B. Covert, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellant.

Benjamin G. DeBerg, St. Petersburg, for
Appellee.


PER CURIAM.

        The State appeals the order dismissing the information charging Gary

Salter with felony driving under the influence in violation of section 316.193(2)(b)(3),

Florida Statutes (2012).  At the hearing on the motion to dismiss, the State conceded

that it could not prove that Salter's prior misdemeanor DUI convictions were the result of

counseled pleas.  See State v. Kelly, 999 So. 2d 1029, 1052 (Fla. 2008) ("[T]he State may not, consistent with our state Constitution, impose deprivation of liberty as a penalty upon a defendant based on prior misdemeanor convictions, unless the defendant was either provided with counsel or validly waived that right.").  Because it was within the circuit court's discretion to divest itself of jurisdiction over the surviving misdemeanor DUI, we affirm.  See Woodbury v. State, 110 So. 3d 17, 18-19 (Fla. 2d DCA 2013) (explaining that once the felony DUI charge was dismissed and the information refiled in county court, the circuit and county courts had concurrent jurisdiction over the misdemeanor DUI).

Affirmed.

ALTENBERND, WALLACE, and SLEET, JJ., Concur.